SAMUEL G. STONE *vs.* CHRISTOPHER S. LOTHROP.

The first count of a declaration alleged that the defendant owed the plaintiff $594 money received to the plaintiff's use; and the second count alleged that the plaintiff "advanced to the defendant $594 in consideration of his promise to take the same as a margin, so called, and buy and carry for the plaintiff, subject to the plaintiff's order," certain bonds, that the defendant bought the bonds, but refused to sell them when the plaintiff ordered, and sold them afterwards at a great loss; that if they had been sold when ordered no loss would have occurred; and that by the delay the plaintiff lost the money advanced by him. Both counts were for the same cause of action. The answer to the first admitted $155 to be due; and the answer to the second was a general denial. At the trial, the judge ruled that the plaintiff could recover $155 on the first count; that the second count set forth a legal cause of action; and that, if the plaintiff proved the contract and breach therein alleged, he was entitled to recover thereon the difference between the price the bonds would have brought, if sold when ordered, and $155. *Held*, that the defendant had no ground of exception.

The owner of bonds ordered his agent to sell them, but the agent did not do so. Two or three months afterwards he telegraphed to the agent: "Have you sold? Will they go lower?" *Held*, that the question, whether this was a waiver of his order to sell, was for the jury.

CONTRACT. The declaration alleged that the defendant owed the plaintiff $615.17 for money received by the defendant to the plaintiff's use. The bill of particulars set forth that the money was the amount, with interest, of $594.37, paid to the defendant on account of bonds of the Union Pacific Railroad Corporation, to be bought for the plaintiff by the defendant, which were so bought, and which the defendant refused to sell as ordered. The defendant admitted in his answer, filed at the first term, that he was indebted to the plaintiff in the sum of $155.62, and consented to be defaulted for that amount.

At the trial at a subsequent term, before *Pitman*, J., after the plaintiff had opened his case, he was allowed to file an additional count to his declaration, alleging that he " advanced to the defendant $594.37 in consideration of his promise to take the same

as a margin, so called, and buy and carry for the plaintiff, at twelve per cent. interest per annum, and subject to the plaintiff's order, Union Pacific Railroad bonds representing $5000 ; " that the defendant did buy the bonds ; that the plaintiff subsequently ordered the defendant to sell the bonds, but the defendant neglected and refused to do so, and did not sell them until long afterwards ; that he then requested the plaintiff to call and take the balance due to him, but the plaintiff refused to do so, as the bonds had been sold at great loss, which loss was the result of the defendant's refusal to sell as ordered ; that, if the defendant had sold as ordered, no loss would have occurred ; but that, by his refusing to sell as ordered, great loss and damage resulted to the plaintiff, to wit, the loss of the money advanced by him ; and that the defendant owed him therefor. The answer to this count was a general denial.

It appeared in evidence that the plaintiff in May 1869 gave to the defendant, who was a broker, $594.37 ; that it was agreed between them that the defendant should buy five bonds of $1000 each of the Union Pacific Railroad Corporation, the defendant furnishing the money, paying for the bonds, and receiving from the plaintiff twelve per cent. interest on the purchase money, the plaintiff also receiving twelve per cent. interest on the $594.37 ; that the defendant should receive one fourth of one per cent. commission for buying and selling the bonds, should hold them as security for his advances, and should also hold the $594.37 as a margin, and for his protection in case the bonds should fall in value in the market ; and that the defendant purchased the bonds.

The plaintiff contended that it was agreed that the bonds should be sold by the defendant whenever the plaintiff requested. The defendant contended that he had discretionary power and right to sell the bonds whenever he thought it would be for their common interests. The evidence on this point was conflicting.

It appeared that in June the plaintiff ordered the defendant to sell the bonds, and the defendant did not sell them ; but whether the plaintiff waived his order, and approved the omission of the defendant to sell the bonds, was a matter upon which the evidence was conflicting.

It also appeared that on September 13 the plaintiff sent to the defendant this telegraphic dispatch : " How are Unions ? Have you sold ? Will they go lower ? " but the plaintiff testified that the dispatch did not refer to the bonds in question, but to a large amount which he understood the defendant was carrying on his own account.

It further appeared that on October 23 the defendant sold the bonds, and rendered an account to the plaintiff which showed a balance of $155.62 due to the plaintiff.

The defendant requested the judge to rule " that the plaintiff could not recover upon the evidence on his first count ; that, in order to recover on the second count, the plaintiff must prove a special contract for the sale of the bonds by the defendant within or at a specified time, and damages for the reason that the bonds were not sold by the defendant as agreed and at the time ; that the second count did not state a legal cause of action, or a contract and breach under it ; that the plaintiff could not recover on both counts ; and that, if the jury should find that the dispatch of September 13 referred to the bonds purchased for the plaintiff, it would of itself be a waiver of any previous orders to sell, or of any contracts claimed to have existed between the parties previous to that date as to a time of sale."

The judge declined so to rule, and ruled " that under the first count the jury should return a verdict for the plaintiff for the sum of $155.62, being the amount admitted to be due to the plaintiff in the defendant's answer and in his account ; that the plaintiff might recover, under the second count, a further sum, if he satis-fied the jury that the original contract was as claimed by him, that the defendant had broken it, and that there was no waiver by him ; that, if the original contract was as the plaintiff contended, the defendant was bound to sell as soon as, according to the course of business, he could after the receipt of the plaintiff's order, and for not so doing he would be liable, unless the plaintiff waived the order by subsequent acts or conduct ; and that, if the defendant was liable, the measure of damages under the second count would be the difference between the price the defendant could have got when he ought to have sold, to wit, in a reason-

able time after receiving the plaintiff's order to sell, and the price with which he credited the plaintiff in the account rendered, together with interest on the difference."

The jury returned a verdict for the plaintiff on the first count for $155.62, and on the second count for $307.71; and the defendant alleged exceptions.

*J. Nickerson,* for the defendant.

*B. E. Perry,* for the plaintiff, submitted the case without argument.

COLT, J. The original declaration contained only a count for money had and received. The defendant at the first term admitted in his answer that the amount of $155.62 was due the plaintiff; and although this admission is not evidence against the party making it, yet it is an allegation in the answer by which he is bound. Gen. Sts. *c.* 129, § 72. The trial was had at a subsequent term, and the plaintiff, after opening his case, was allowed to file an additional count.

As both counts were for the same cause of action, strictly speaking, he could not recover part of his damages upon one count and part upon the other. But, under the defendant's admission in his answer, no harm was done by permitting the jury, under the original declaration, to find for the plaintiff in the amount of the defendant's admission, making allowance therefor in any damages they might assess under the last count. The plaintiff was entitled to judgment on the first count at all events, whatever result the jury might come to as to his right to recover on the other.

. The question whether the telegraphic dispatch of September 13 referred to the bonds in question, and was a waiver of the order to sell, was for the jury. The additional count, in the absence of any demurrer, must be taken as sufficient.

*Exceptions overruled.*