CORNELIUS H. DONOVAN *vs.* LEONARD D. DRAPER & others.

Suffolk.    May 14, 1929. — October 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Stockbroker. Contract,* Performance and breach, Implied. *Practice, Civil,* Amendment; Election between counts; Auditor: recommittal. *Election.*

An action of contract against a firm of stockbrokers by agreement of the parties was referred to an auditor, whose findings of fact were to be final, and was heard by him upon a count in the declaration for money alleged to have been had and received by the defendants to the plaintiff's use. After the filing of the auditor's report, the plaintiff was allowed to amend his declaration by adding a count for damages alleged to have resulted from breach by the defendants of their contract with him. The defendants moved that the plaintiff be required to elect which of the counts he would rely on, and also that the action be recommitted to the auditor for further hearing upon the count added by amendment. From the auditor's report, it appeared that the issues raised by the count added by amendment had been fully heard by him and findings made thereon. The judge ruled that the plaintiff could not "under his original declaration for money had and received, recover damages based upon the failure of the defendants to buy and sell stocks on his request," and denied both motions. The defendants alleged exceptions. *Held,* that

(1) The counts in substance were for the same cause of action;

(2) Even if the counts were in any way inconsistent, the defendants, by reason of the judge's ruling above quoted, were not harmed by the denial of the motion to require the plaintiff to elect;

(3) The exception to the denial of the motion requiring the plaintiff to elect was overruled;

(4) It appearing that the issues raised by the count added by amendment were fully tried, the exception to the denial of the motion to recommit the action to the auditor was overruled.

It appeared from the findings by the auditor who heard the action above described that the defendants acted for the plaintiff without fraud in accordance with his instructions and with the rules of the New York and Boston stock exchanges in the purchase and sale of stocks up to June 25; that during June the plaintiff had become dissatisfied and his attorney had correspondence and interviews with the defendants; that on June 23, the defendants mailed to the plaintiff's attorney a transcript of the plaintiff's entire account to that date, which showed a credit balance of $4,957; that on June 24, the plaintiff's attorney wrote the defendants, stating that it appeared from the

statement that the plaintiff had deposited with them $4,097 and demanding payment thereof, and that such letter was received on June 25. If the account had been closed on that day, it would have shown a balance of cash due the plaintiff of $2,238, there being a daily market for the stocks then held by the defendants for the plaintiff's account. The defendants did not close the account for over a month, when the balance shown by it as due the plaintiff was only $87. The judge ruled that, under the count added by amendment, the plaintiff was entitled to receive the sum of $2,238 with interest from June 25. *Held*, that

(1) The defendants knew or should have known that their contract with the plaintiff was terminated on June 25, and they should then have closed the account; their failure to do so entitled the plaintiff to recover under the count added by amendment the cash balance that would have been due him if the account had been closed on that date;

(2) The plaintiff was not entitled to recover the amount demanded by his attorney.

CONTRACT, with a declaration containing a first count for $4,097.95, money alleged to have been had and received by the defendants to the plaintiff's use, and a second count for the same amount under G. L. c. 137, § 4. The third count, added by amendment, sought recovery of $4,097.95, and is described in the opinion.

By agreement of all parties the case was referred to an auditor, the right to trial by jury was waived and the auditor's findings of fact were to be final.

Findings by the auditor, motions before the trial judge and his rulings are described in the opinion.

The motions and the action were heard by *Bishop*, J., without a jury. He reported the action for determination by this court.

*W. P. Everts*, for the defendants.

*S. L. Kaplan*, for the plaintiff.

CROSBY, J. This is an action of contract brought against partners in a stock brokerage firm. The case was referred to an auditor. By agreement of parties his findings of fact were to be final, and the right to a jury trial was waived. The original declaration contained two counts; the first was for money had and received, and the second set forth a cause of action under G. L. c. 137, § 4. During the hearing before the auditor the plaintiff was required to elect on which of these counts he would rely, and there-

upon he elected to rely upon the first count. The case was afterwards heard by a judge of the Superior Court upon the pleadings, the auditor's report, and the defendants' motion for judgment on the report. At this hearing the plaintiff filed requests for rulings, and the defendants filed requests for findings and rulings. After hearing on the motion, but before action upon the requests for rulings, the plaintiff filed a motion to be allowed to amend the declaration by adding a third count based upon an alleged breach of contract, and the defendants filed a motion that the auditor's report be recommitted. The plaintiff's motion to amend was allowed; the defendants' motions to recommit the report and for judgment were denied. To the denial of the motion to recommit, to refusals to rule, and to the giving of certain requested rulings of the plaintiff, the defendants excepted.

The plaintiff then filed a motion that judgment be entered in his favor; the defendants moved that the plaintiff be required to elect whether he would proceed upon the first or third count, and that the auditor's report be recommitted for the hearing of evidence bearing on the third count. The defendants' motion was denied subject to their exception. The judge made the following ruling: "I rule that the plaintiff is entitled to recover the sum of $2,238.61 with interest from June 25, 1926, under count 3 of the declaration and find for the plaintiff for said amount, unless the plaintiff is entitled to recover under the first count, in which case I rule that he would be entitled to $4,097.95, being the amount deposited by the plaintiff with the defendants, with interest from the date of payments as stated in the auditor's report, and that if he is not entitled to recover $4,097.95 with interest, then he is entitled to recover $87.82 with interest from August 12, 1926, being the amount the auditor found was admittedly due on that date."

It is plain that the judge had power to allow the plaintiff's motion to add a third count to the declaration. It is the contention of the defendants that the plaintiff should have been required to elect whether he would proceed

under the first or under the third count on the ground that the remedies sought under these counts were inconsistent. The first count was for money had and received by the defendants to the plaintiff's use. The third was founded upon an alleged breach of contract under which the plaintiff employed the defendants as stockbrokers to purchase and sell stocks. The plaintiff in the first count sought to recover the amount he had paid the defendants in pursuance of the contract, while in the third he sought to recover the damages he had sustained by reason of the defendants' failure to perform the contract. Although the amount recoverable under these counts would not be the same, there is no reason why the plaintiff would not be entitled to recover on one if he were precluded from recovery under the other. It was said in *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 357, that "where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election. A party is not obliged to select his procedure at his peril." *Whiteside* v. *Brawley,* 152 Mass. 133, 134. *Snow* v. *Alley,* 156 Mass. 193, 195. *Loomis* v. *Pease,* 234 Mass. 101, 106. *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147.

We are of opinion that both counts in substance are for the same cause of action. *Stone* v. *Lothrop,* 109 Mass. 63. If the remedies sought under the first and third counts could for any reason be said to be inconsistent, the defendants were not harmed, as the judge at the request of the defendants expressly ruled "That the plaintiff cannot, under his original declaration for money had and received, recover damages based upon the failure of the defendants to buy and sell stocks on his request." The exception to the refusal of the judge to require the plaintiff to elect must be overruled.

There was no error in refusing to recommit the case to the auditor for further hearing after the allowance of the amendment adding the third count to the declaration. It is obvious from the report of the auditor that evidence was heard by him on the issues raised by the third count, and we are satisfied from his findings that those issues were fully and fairly tried. While the trial judge does not expressly find that there had been a full hearing on these issues before the auditor, it must be assumed that he believed that such a hearing was had and the report of the auditor supports that conclusion. In the orderly and correct conduct of trials hearings should not be prolonged by the recommittal of a case for further hearing, when, as here, it is manifest that the evidence on all the issues presented by the third count was fully heard at a previous hearing. *Bourbeau* v. *Whittaker*, 265 Mass. 396, 399, 400.

The auditor found that in January, 1925, at the suggestion of one Hagerty, a nephew of the plaintiff, who was an employee of the defendants, an account was opened in the plaintiff's name by the defendants. Thereafter at various times the plaintiff made deposits with the defendants, and they made purchases and sales of stock on his account and rendered to him statements relating thereto. During this period the plaintiff did not receive any payments from the defendants on account of these transactions. In June, 1926, he received a statement showing a credit balance in his favor of about $1,700. The auditor also found that the plaintiff complained to the Massachusetts Department of Public Utilities, and on June 21, 1926, with one of its representatives, interviewed the defendant Draper and expressed dissatisfaction over the loss and demanded that the defendants make it good to him. Thereafter the plaintiff and his counsel had correspondence and interviews with the defendants respecting the account, and on June 23, 1926, the defendants mailed to the plaintiff's attorney a transcript of the plaintiff's entire account to that date, which showed a credit balance of $4,957.78. On June 24, 1926, the plaintiff's counsel wrote the defendants stating that it appeared from the statement that the plaintiff had

deposited with them $4,097.95 for which demand of payment was made. The auditor found that this letter was received by the defendants on the day after its date and that if the account had been closed on that day it would have shown a balance of cash due the plaintiff of $2,238.61, there being a daily market for the stocks then held by the defendants for the plaintiff's account. The account was not closed out by the defendants at that time, and there were no further transactions relating to it until August 10, 1926, for the reason that the account had been referred to the defendants' attorney, and it was not the policy of the defendants to close accounts in litigation. When the account was finally closed on August 10, 11 and 12, 1926, the cash balance due the plaintiff was $87.82.

In view of the facts found by the auditor, it is apparent that the plaintiff had been dissatisfied with his dealings with the defendants for some time before June 24, 1926; and when, on that date, his attorney wrote the defendants demanding the amount which it was claimed was due the plaintiff, the defendants knew or should have known that their contract with the plaintiff was terminated, and they should then have closed the account. Their failure to do so entitles the plaintiff to recover under count 3 the cash balance that would have been due him if the account had been closed on June 25. The defendants, if they had performed the duty which they owed the plaintiff, could have saved the loss incurred by keeping the account open until it was finally closed in August, and at a time when the credit balance existing in June had been lost with the exception of $87.82.

It is plain upon the findings of the auditor that the defendants acted for the plaintiff without fraud and in accordance with instructions in the purchase and sale of stocks up to June 25, 1926, and that during that period they acted in accordance with the rules of the New York and Boston stock exchanges, and that the plaintiff is not entitled to recover $4,097.95, the sum demanded; but for the reasons previously stated he is entitled to recover

$2,238.61 with interest at six per cent from June 25, 1926, as found by the trial judge.

We find no error in the manner in which the judge dealt with the requests for rulings made by the plaintiff and by the defendants, or in the rulings made by him. They have all been considered, but it would serve no useful purpose to discuss them in detail. The exceptions of the defendants are overruled.

In accordance with the terms of the report judgment is to be entered for the plaintiff under count 3 of the declaration in the sum of $2,238.61, with interest from June 25, 1926.

*So ordered.*