COLUMBIAN INSECTICIDE COMPANY OF BOSTON *vs.*
FREDERICK J. DRISCOLL & others.

Middlesex.   February 5, 1930. — March 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Corporation,* Officers and agents.   *Equity Pleading and Practice,* Findings by judge; Appeal: report of evidence.   *Equity Jurisdiction,* To relieve from fraud of corporate officer.   *Evidence,* Presumptions and burden of proof.

It is the general equity procedure, established by statute and by practice, that the entire evidence must be reported on appeal when it is desired to have this court revise a finding made by a trial judge upon oral testimony, and that that procedure is the only way in which this court can be put in the position of the trial judge and be able to review his conclusions as to findings of fact. Per PIERCE, J.

Where the record upon an appeal by the plaintiff in a suit in equity from a final decree dismissing the bill contains a waiver in writing by the plaintiff of the printing of the stenographer's report of the evidence taken under G. L. c. 214, § 24, Equity Rule 29 (1926), and a statement by the plaintiff that he was willing to rest his case before this court on the pleadings and a report by the judge of his findings and rulings, the only question before this court is whether the specific facts found and the general conclusion reached by the trial judge are necessarily inconsistent.

The sole beneficial owner of all the shares of stock of a corporation, to avoid the effect of an agreement with his wife that he would not change the provisions of his will by which the stock after his death was to go to his wife's sister, transferred all but two of the shares in 1922 and 1923 to a third person, who withdrew $6,566 as salary for services as treasurer in 1924–1926.   The former owner died in 1923.   Upon the sister of the wife afterwards gaining control of the corporation, it brought a suit in equity against the treasurer to recover the amount paid him as

salary. The bill was dismissed, and the plaintiff appealed, but waived a full report of the evidence and had printed in the record only a statement of the judge's findings. There was no finding that the amount so withdrawn by the treasurer was improper or that the treasurer had mismanaged the affairs of the corporation. *Held*, that .

(1) The burden of proving mismanagement and misappropriation of corporate funds was on the corporation;

(2) The decree was proper, there being no fact found which required the conclusion that the defendant had mismanaged the corporation or misappropriated its funds.

BILL IN EQUITY, filed with a writ of attachment by trustee process dated May 19, 1928.

Proceedings and findings by *Greenhalge*, J., by whom the suit was heard in the Superior Court, are described in the opinion. Bonner died December 3, 1923. A final decree dismissing the bill was entered. The plaintiff appealed.

The "memorandum filed December 11, 1929," referred to in the plaintiff's waiver quoted in the opinion, was a supplementary finding of facts.

The case was submitted on briefs.

*D. H. Fulton*, for the plaintiff.

*C. F. Albert*, for the defendants.

PIERCE, J. This is an appeal from a final decree dismissing the plaintiff's bill of complaint. The plaintiff "waives the printing of the commissioner's report of the evidence; . . . is willing to rest its case before the full court on the pleadings and the report of material findings by the judge set forth in the documents entitled 'Statement of findings, rulings and order for decree' and in the memorandum filed December 11, 1929." The plaintiff is a corporation and the defendant Frederick J. Driscoll was formerly its manager, treasurer and the "sole beneficial owner of the shares of stock of the plaintiff." The plaintiff seeks to recover a sum of money which, the bill alleges, the defendant Frederick J. Driscoll, under the guise of salary, withdrew from the funds of the corporation and which was disproportionate to any work, labor or services rendered to the corporation by him. The plaintiff also seeks to recover $1,000 which, the bill alleges, Frederick J. Driscoll caused to be appropriated and expended in the

defence of an action in which Driscoll was interested but the corporation was not interested beyond being a nominal party. In their answer the defendants admit that Frederick J. Driscoll withdrew $6,566.78 as salary for his services as treasurer of the corporation from December, 1923, until July, 1926, and that "the corporation appropriated certain sums of money for legal services, but deny that said sums of money were improperly appropriated to this service or that the said services were not performed for the corporation." The defendants admitted at the hearing that if the liability was established against the defendant Frederick J. Driscoll the other defendants were liable.

The "Statement of Findings" recites that the corporation was organized by Patrick J. Bonner, now deceased, in 1904; that ten shares of stock were issued, of which Bonner held eight; that one of the two remaining shares was transferred to Annie L. Croken, an employee, and the other to Annie M. Pape, now Annie M. Gore, sister of Bonner's wife; that these shares were held by the employees as qualifying shares and that neither employee had any beneficial interest in the capital stock of the corporation; that the corporation from its organization in 1904 until November, 1922, was managed and controlled exclusively by Bonner and that no dividends were ever declared; that in November, 1922 and December, 1923, Bonner transferred the eight shares to Frederick J. Driscoll, the purpose of the transfer being to avoid the effect of an agreement with his wife that he would not change the provisions of his will by which the stock after his death was to go to Annie M. Pape; that after the transfer of the stock Frederick J. Driscoll became the sole beneficial owner of all the stock and managed and controlled the corporation and its affairs substantially as Bonner had done; that he caused new officers to be elected, ousting Annie M. Pape, and was himself elected treasurer at an annual salary of $5,000; that new by-laws which he caused to be adopted were illegal by reason of defective and insufficient notices; that at a meeting of the directors and stockholders, of which Annie M. Gore was notified but which she did not attend,

the corporation ratified and confirmed the acts of Frederick J. Driscoll from December 18, 1923, to July 1, 1926 — the period while he was in control — and all persons beneficially owning stock in the plaintiff corporation during said period assented to and approved such acts and conduct; that while it may be that the acts of Bonner and Driscoll, including the withdrawal of funds specified in the bill, were in fraud of the rights of parties to or beneficiaries under the alleged agreement between Bonner and others as to the disposition of the capital stock of the plaintiff under Bonner's will, such acts were not fraudulent as to the present plaintiff corporation.

The trial judge found that the claim of Frederick J. Driscoll set up in his answer for an unpaid balance of salary was vague and unsatisfactory, that it was not made in good faith, and that no further sum is due him as salary or otherwise.

The statement of facts filed by a trial judge is not a report of the evidence, but is merely a recital of certain facts which he considered material and which were in his mind when his decision was made. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. *Berman* v. *Coakley*, 257 Mass. 159, 161, 162. It is the general equity procedure, established by statute and by practice, that the entire evidence must be reported on appeal when it is desired to have this court revise a finding made by a trial judge upon oral testimony, and that that procedure is the only way in which this court can be put in the position of the trial judge and be able to review his conclusions as to findings of fact. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. In the absence of a report of the oral evidence, which was here taken by a stenographer under G. L. c. 214, § 24, Equity Rule 29 (1926), the only question raised by the appeal is whether the specific facts found by the trial judge are necessarily inconsistent with the general conclusion reached. *Wood* v. *Culhane*, 265 Mass. 555. *Tait* v. *Downey*, 267 Mass. 422, 425.

The admissions in the defendants' answer are insufficient to support the allegations of the bill of complaint, since the

record contains no evidence as to the nature and extent of the services rendered by the defendant Frederick J. Driscoll as an officer of the corporation, or as to the reasonableness of the compensation which was in fact received therefor, or as to the nature of the litigation in which the corporation was involved, or that the expenditures for legal services were improper.

Assuming, without deciding, that the corporation after the entire stock had passed into the hands of Annie M. Pape could maintain this action, notwithstanding all stockholders and all beneficial owners of the stock had previously ratified and confirmed the acts of Driscoll while he legally or equitably was the sole beneficial owner, it is nevertheless true that the burden of proving mismanagement and misappropriation of corporate funds was always upon the corporation. *Meyer* v. *Fort Hill Engraving Co.* 249 Mass. 302. See *Brewer* v. *Boston Theatre,* 104 Mass. 378, 395; *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, 500; *Von Arnim* v. *American Tube Works,* 188 Mass. 515; *Corey* v. *Independent Ice Co.* 226 Mass. 391, 395; *Lannin* v. *Buckley,* 256 Mass. 78, 82; *Hawes* v. *Oakland,* 104 U. S. 450. The plaintiff has not only failed to sustain the burden of proving mismanagement of the affairs of the corporation and misappropriation of its funds by reported evidence, but has also failed to sustain that burden by reason of the statement of the trial judge that "While it may well be that the acts of Bonner and Driscoll, including the withdrawal of funds specified in the bill, were in fraud of the rights of parties to or beneficiaries under the alleged agreement between Bonner and others as to the disposition of the capital stock of the plaintiff under Bonner's will," he was "unable to find or rule that they were fraudulent as to the present plaintiff."

*Decree affirmed with costs.*