ARTHUR T. WASSERMAN *vs.* CHARLES TONELLI & others.

Worcester. September 25, 1961. — December 1, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & KIRK, JJ.

*Assignment. Corporation,* Officers and agents. *Fraudulent Conveyance. Equity Pleading and Practice,* Admissions in pleadings, Amendment.

An assignment for the benefit of creditors of a corporation of "all the property and estate, both real and personal, of the . . . [corporation], wherever situate . . . a more particular description of the estate and property hereby conveyed being as follows, viz.: All stock in trade and fixtures of whatever name, nature and description, including accounts receivable of the business of the . . . [corporation] . . . Together with all the deeds, books of account, written instruments, evidences of title and papers relating to the business, dealings and property of the . . . [corporation]. To have and to hold all said real and personal estate and property," was not a general assignment and did not transfer to the assignee choses in action for recovery of automobiles and money of the corporation transferred prior to the assignment to officers of the corporation for no consideration. [255–256]

Transfers by a corporation losing money but not insolvent of three of its automobiles to its three stockholders, who were its officers and directors, and payments to them by the corporation to adjust the varying values of the automobiles, made at a time when "there was no intention of the corporation being liquidated . . . and . . . [the three transferees] acted without any intentional fraud," were not void even if made without consideration and fraudulent as to creditors. [256]

An allegation in the bill in a suit in equity that a corporation "executed a general assignment" for the benefit of its creditors to the plaintiff was an allegation of mixed fact and law, and where the defendant admitted

that allegation in his answer but the assignment was put in evidence at the trial by the plaintiff and, upon his appeal from a final decree dismissing the bill, the assignment was determined not to be a "general assignment" as a matter of law and the plaintiff's claim not to have been transferred thereby, the case was deemed an appropriate one for the allowance by the trial court of an amendment to the answer denying that the assignment was general; upon allowance of such an amendment the decree was to stand affirmed. [257–258]

BILL IN EQUITY, filed in the Superior Court on May 25, 1960.

The suit was heard by *Meagher, J.*

*Joseph Landis, (Jacob J. Kressler* with him,) for the plaintiff.

*Harry Zarrow, (Morris N. Gould* with him,) for the defendants.

WHITTEMORE, J. The plaintiff, assignee for the benefit of creditors of Eastern Mass. Insulation Co., Inc., under an instrument dated February 18, 1960, sought in this bill of complaint to recover three automobiles transferred by the corporation to the defendants who were the three stockholders of the corporation and its officers and directors, and also to recover two payments ($1,200 and $3,800) which adjusted the lesser value of two of the automobiles, all allegedly without fair and adequate consideration. The final decree in the Superior Court dismissed the bill.

The judge found that the transfers, on or about September 30, 1959, and the payments on January 14, 1960, had been charged to 1959 salaries; in 1959 the corporation, which had theretofore made profits, was losing money; at no time was it insolvent but it had ceased to be a profitmaking enterprise; "at the time of the transfer there was no intention of the corporation being liquidated . . . and . . . [the defendants] acted without any intentional fraud." The judge found also that the plaintiff had sold the assets and collected the receivables, and that the amount realized and to be realized was sufficient, without paying the expenses of administration, to pay the creditors in full. There was evidence tending to show that upon full payment of fees and expenses, in the amounts claimed, the creditors would not be fully paid.

The evidence showed further that the transfers of the automobiles took place because the defendants wanted to have the cars in private ownership, and that the charges to salary were made because the defendants when they determined upon the transfers agreed that the entries should be so made. There was no evidence of any action at any time to establish stated salaries, or of the fair value of the services of the defendants. The evidence showed that withdrawals by each defendant in each year had been in equal amount and that in the three years prior to 1959 the totals were related to earnings.[1]

In the circumstances the burden of proof to show consideration for the transfers and withdrawals may have been upon the defendants. *Shaw* v. *Harding,* 306 Mass. 441, 447 (the president, who was also treasurer, general manager, and a director, had the burden in respect of items charged as "expenses"). Accord, *Daniels* v. *Briggs,* 279 Mass. 87, 92. See *Heise* v. *Earnshaw Publications, Inc.* 130 F. Supp. 38, 40 (D. Mass.); *Von Arnim* v. *American Tube Works,* 188 Mass. 515, 517; *Uccello* v. *Gold'n Foods, Inc.* 325 Mass. 319, 327; *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 126–128; *Pepper* v. *Litton,* 308 U. S. 295, 306; *McKey* v. *Swenson,* 232 Mich. 505, 514–515; Washington and Rothschild, Compensating the Corporate Executive, (Rev. ed.) pp. 374–376, 378–379. Compare *Columbian Insecticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 78; *Murphy* v. *Hanlon,* 322 Mass. 683, 686–687, and cases cited.

We do not, however, reach that issue nor others which would be presented if the plaintiff was acting under a general assignment.[2] The description of the transferred property, in the instrument of assignment for the benefit of creditors, put in evidence by the plaintiff, was, partly in

---

[1] 1956: drawings, $15,400; net profit, $ 6,900 (cents omitted)
1957: drawings, $20,000; net profit, $ 3,500 ( ,, ,, )
1958: drawings, $ 8,500; net profit, $ 3,054 ( ,, ,, )
1959: drawings, $18,509; net loss, $56,670 ( ,, ,, )

[2] Such as whether in the circumstances the corporation itself had a cause of action (see *Columbian Insecticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 78) and if so, whether it would pass under a general assignment. See *Baker* v. *Allen,* 292 Mass. 169, 173–175. Compare *Robinson* v. *Wiley,* 188 Mass. 533, 535–536.

form print, and partly in typewriting, as follows: "[print] all the property and estate, both real and personal, of the party of the first part, wherever situate, both within and without said Commonwealth, excepting only such as by the laws of said Commonwealth is exempt from attachment, a more particular description of the estate and property hereby conveyed being as follows, viz.: [typewriting] All stock in trade and fixtures of whatever name, nature and description, including accounts receivable of the business of the party of the first part located at 616 Millbury Street, Worcester, Massachusetts. . . . [print] Together with all the deeds, books of account, written instruments, evidences of title and papers relating to the business, dealings and property of the party of the first part. To have and to hold all said real and personal estate and property . . . ." The instrument authorized the assignee to "institute, prosecute and defend all suits at law or in equity or other proceedings, to execute deeds, releases, acquittances and other writings . . . and generally to do all acts . . . necessary and proper to carry into effect and perform the trusts herein declared . . . ." The instrument with this description of property was not sufficient to transfer choses in action for recovery of assets transferred to officers for no consideration. *Driscoll* v. *Fiske*, 21 Pick. 503. *United States* v. *Howland*, 4 Wheat. 108. *Bock* v. *Perkins*, 139 U. S. 628, 633–638. *United States* v. *Langton*, 5 Mason, 280 (1st Cir.). *Boyer Bros. Inc.* v. *Board of County Commrs. of the County of Routt*, 87 Colo. 275, 279–280. Burrill, Assignments (6th ed.) §§ 136–137.

The transfers of the automobiles and the adjusting payments, even if fraudulent as to creditors, were not void, *Service Mortgage Corp.* v. *Welson*, 293 Mass. 410, 413, and we need not determine whether tangible property not within the precise terms of the description, such as automobiles, was assigned. For the "general rule" that a general assignee may not set aside a fraudulent conveyance, nor act in the right of creditors, rather than in the right of the assignor, see Glenn, Fraudulent Conveyances (Rev. ed.)

§ 102. Compare, for statutory assignees in insolvency, G. L. c. 216, §§ 110, 111; *Freeland* v. *Freeland,* 102 Mass. 475, 477.

The bill of complaint alleges, in paragraph 5, that the corporation "executed a general assignment." The answers admit the allegations of the paragraph. This allegation is of mixed fact and law. General Laws c. 231, § 87, (made applicable in equity by G. L. c. 231, § 144), in providing, as to pleadings, that "allegations therein shall bind the party making them" refers primarily, at least, to allegations of fact. *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, 112. *Willett* v. *Webster,* 337 Mass. 98, 101. See *Bancroft* v. *Cook,* 264 Mass. 343, 348, and cases cited; *De Nunzio* v. *City Manager of Cambridge,* 341 Mass. 420, 421.

Admissions of law in the course of trial do not bind the party making them. *Boston Hat Manufactory* v. *Messinger,* 2 Pick. 223, 240 (". . . the confession of a party as to the legal effect of his contract cannot bind him . . . [nor] others who may be joined with him"). *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 230. *Tritsch* v. *Ayer Tanning Co. Inc.* 316 Mass. 598, 602–603 ("The admission by Burns in his testimony that the correspondence constituted the entire contract does not help the plaintiff [and the remainder of the contract could be shown]. It is still a question of law what was the contract and what is its meaning"). *Gow* v. *Buckminster Hotel, Inc.* 336 Mass. 606, 608.

It is established that admissions of fact, contrary to the true fact, which would have the effect of depriving a court of jurisdiction (*Rolfe* v. *Atkinson,* 259 Mass. 76, 78), or of importing jurisdiction to a tribunal (*Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513, 517), are not binding.

Undoubtedly such an allegation of mixed fact and law, as that the assignment was "general," and the admission thereof, without more, will conclude the issue. *Stone* v. *Lothrop,* 109 Mass. 63, 66. *Klem* v. *Commonwealth,* 301 Mass. 340, 342. *Adiletto* case, *supra,* p. 112. *McDade* v.

*Moynihan,* 330 Mass. 437, 447. Parties by their allegations may be foreclosed as to issues of law. See *Barnes* v. *Springfield,* 268 Mass. 497, 503. The issue now, however, is not whether the plaintiff could have objected to the receipt in evidence of the instrument of assignment. The plaintiff put it in evidence with the result that if the defendants are held bound by their admission we must adjudicate in respect of an alleged right in the plaintiff which he has shown to be nonexistent. A similar dilemma was presented in *Carson* v. *Brady,* 329 Mass. 36, 41, where we said, "It would be strange if a way shown to be a public way — a matter so notorious and of such general public interest — must be determined to be a private way because such admission was made in the answer of the defendants." As was there held for that case, this case is an appropriate one for the allowance of an amendment.

The case is remanded to the Superior Court and, upon the allowance therein within thirty days of an amendment to the answer denying that the assignment was general, the decree is to stand affirmed; otherwise the case is to be returned to this court.

*So ordered.*