THOMAS MAKER *vs.* TED BERMINGHAM & another.[1] No. 91-P-384. June 2, 1992. *Jurisdiction,* Long-arm statute. *Partnership,* What constitutes. *Agency,* What constitutes. *Practice, Civil,* Admissions, Counterclaim and cross-claim.

After the plaintiff brought suit in the Superior Court to recover damages allegedly caused by the failure of the defendants, who were residents of Vermont, to perform their obligations under a written agreement (the agreement) to produce, edit, and market a video magazine to be known as "The Morgan Horse Video Review," the motion judge denied the defendants' motion to dismiss the complaint for lack of personal jurisdiction, see Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974), and the trial judge later denied a renewal of the same motion. There followed a four-day bench trial on the merits. At the close of the plaintiff's case, the trial judge denied the motion of Norma Bermingham for a directed finding, and at the conclusion of all the evidence, he entered findings and a judgment for the plaintiff on count one of the complaint in the sum of $26,806.15, with interest and costs, for the defendants on the remaining counts, and for the

---

[1]Norma Bermingham. The complaint alleged that the defendants were partners doing business as Farm & Forest Productions.

plaintiff (the defendant in counterclaim) on the defendants' counterclaim. We affirm the judgment.

The only arguments made on appeal are those made on behalf of Norma: that the motion judge erroneously denied, as to Norma, the defendants' motion to dismiss, and that the evidence, at the close of the plaintiff's case, regarding Norma's alleged partnership with Ted Bermingham was insufficient to support the judgment entered against her.[2]

1. *The defendants' motion to dismiss.* Personal jurisdiction over the defendants was asserted under the provisions of the Massachusetts long-arm statute, G. L. c. 223A, § 3(*a*) (1988 ed.) ("[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person's . . . transacting any business in this commonwealth"). Norma argues that the plaintiff has the burden to establish facts upon which to base jurisdiction. See *Morrill* v. *Tong*, 390 Mass. 120, 129 (1983). That burden was not carried, she asserts, because there is nothing in the plaintiff's affidavit, filed in response to the defendants' motion to dismiss, which establishes either the necessary contacts between Norma and the Commonwealth, or any basis which would permit the court "to impute Ted Bermingham's contacts with the Commonwealth to Norma. . . ."

On appeal, no claim is made by Norma that Massachusetts could not assert personal jurisdiction over Ted, see note 2, *supra*, and the plaintiff makes no claim that Norma's contacts with Massachusetts were sufficient to confer personal jurisdiction over her. Thus, the jurisdictional issue turns on whether Ted was Norma's agent for the purpose of applying G. L. c. 223A, § 3.

The defendants not yet having answered, the only papers before the judge consisted of the complaint, the motion to dismiss, the plaintiff's affidavit, and the affidavit of Ted. The complaint alleged that Norma "does business in partnership with Ted under the name and style Farm & Forest Productions," that Farm & Forest Productions entered into a written agreement with the plaintiff, and that Farm & Forest Productions had failed to perform its obligations under the agreement. The affidavit of the plaintiff filed in support of the motion states that the facts alleged in the complaint are true. Ted's affidavit filed in support of the defendant's motion to dismiss concedes, somewhat ambiguously, that Farm & Forest is a "video production company which my wife and I run from our farm in Cabot, Vermont." In any event, the plaintiff's allegation of partnership is not controverted by Ted's affidavit. "In resolving the issue [of personal jurisdiction], we accept as true only the uncontroverted facts as they appear in the materials which were before the Superior Court judge." *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG.*, 26 Mass. App.

---

[2]The brief of the defendants states that the only relief sought is that the "judgment as to [the] defendant Norma Bermingham should be reversed."

Ct. 14, 16 (1988). See also *Kleinerman* v. *Morse*, 26 Mass. App. Ct. 819, 820-821 (1989). On the basis of the materials before the judge, which we accept as true, the motion was correctly denied. The plaintiff made an adequate showing that the defendants were in partnership, that the partnership entered into the agreement sued upon, and that the partnership was in default of its obligations under the agreement, causing damages to the plaintiff. The Uniform Partnership Act of Vermont (as well as that of Massachusetts) provides that "[e]very partner is the agent of the partnership for the purpose of its business, and the act of every partner, including the execution, in the partnership name, of any instrument . . . binds the partnership . . . ." Vt. Stat. Ann. tit. 11, § 1201(a) (1984). G. L. c. 108A, § 9. Vermont Statutes Annotated tit. 11, § 1207 (1984), and G. L. c. 108A, § 15, provide that all partners are jointly liable for all debts and obligations of the partnership.

2. *The defendants' motion for a directed finding.* Norma argues that at the close of the plaintiff's case there was no evidence that she was Ted's partner in Farm & Forest Productions, and no other evidence of her involvement in the subject of the plaintiff's claim. Therefore, she says, there should have been a directed finding in her favor at the close of the plaintiff's case.

The defendants acknowledge that they admitted, in their answer to the complaint, that Norma "does business in partnership with Bermingham under the name and style Farm & Forest Productions." This admission can be decisive. Even though the existence of a partnership is a mixed question of fact and law, see *Seemann* v. *Eneix*, 272 Mass. 189, 191 (1930), for the purpose of applying G. L. c. 231, § 87 (1988) (allegations in pleadings "shall bind the party making them"), the admission of a matter constituting a mixed question "will conclude the issue," *Wasserman* v. *Tonelli*, 343 Mass. 253, 257 (1961).

Norma responds by arguing that the admission was only as to the "noncritical time" of the filing of the answer, and not as of the time the agreement was signed in the name of Farm & Forest Productions.[3] Even assuming that the admission could be construed so narrowly, she ignores the allegations of the defendants' counterclaim which are equally binding upon the defendants. G. L. c. 231, § 87. The defendants, as plaintiffs in counterclaim, alleged that they did business as ("d/b/a") Farm & Forest Productions in Cabot, Vermont, and that Farm & Forest Productions entered into the agreement referred to in the complaint, that the plaintiff "breached his obligations under the contract," as a direct result of which the defendants suffered damages. Ted and Norma, "d/b/a Farm and Forest Productions" demanded judgment against the plaintiff in the amount of

---

[3] If Norma was not a partner when the agreement was signed, her liability for damages resulting from a default under the agreement would be limited to the assets of the partnership. See Vt. Stat. Ann. tit. 11, § 1209 (1984); G. L. c. 108A, § 17.

the damages suffered, plus interest, costs, and attorney's fees. The effect of those allegations was the admission that when the agreement was signed by Farm & Forest Productions, Ted and Norma were coowners of that business, and, therefore, they were partners in that business. See Vt. Stat. Ann. Tit. 11, § 1161(a); G. L. 108A, § 6(1). The fact that this compulsory counterclaim, see Mass.R.Civ.P. 13(a), 365 Mass. 758 (1974), was not a waiver of the defendants' motion to dismiss, see Smith and Zobel, Rules Practice § 12.9 (1974), 5A Wright & Miller, Federal Practice and Procedure § 1397 (1990), does not derogate from the binding effect of factual assertions contained in the counterclaim. At the trial of the complaint, the defendants could not have expected to deny the very facts which they alleged to be true in their compulsory counterclaim. Both claims necessarily arose out of the same transaction.

We conclude, then, that, because there were binding admissions that Norma was Ted's partner in Farm & Forest Productions when the agreement was signed, there was sufficient evidence to support the judgment against Norma.

The plaintiff's motion for the award of attorney's fees and double costs is denied.

*Judgment affirmed.*

*Bruce C. Palmer* for the defendants.
*Robert D. Cohan* for the plaintiff.