Merrick, J.
This is an action under a Vehicle Lease Agreement by which plaintiff BNE Vehicle Leasing, Inc. (“BNE”) leased a 1989 Mazda to defendant David Roth-man (“Rothman”) for a four year term. BNE seeks to recover a balance allegedly due under the lease after Rothman’s default and BNE’s repossession and sale of the Mazda.
By answer and counterclaim, Rothman raised the only defense argued by the parties on this appeal; namely, that the parties’ lease was a “retail installment contract” governed by G.L.c. 255B, that BNE failed to give the notice of the rights of a defaulting buyer required by G.L.C. 255B, §20A and that BNE was thus barred from recovery in this action. Rothman contended, and the trial court so ruled, that BNE was bound by an admission in its answer to Rothman’s counterclaim that the lease was a G.L.c. 255B retail installment contract.
Judgment was entered for Rothman.[1] On September 22, 1995, ten days after judgment, BNE filed both a motion for a new trial and a notice of appeal to this Appellate Division. BNE thereafter perfected a Dist./Mun. Cts. RADA, Rule 8C appeal, and filed its appellate brief on August 8, 1996. By letter dated August 12, 1996, BNE withdrew its motion for a new trial which had never been heard or decided by the trial judge. No further notice of appeal was ever filed by BNE.
1. BNE’s simultaneous filing of its notice of appeal with a timely Mass. R. Civ. R, Rule 59 motion for a new trial raises an initial question as to the validity of BNE’s appeal. Rule 4(a) of the Dist./Mun. Cts. RADA, which governs the filing of a notice of appeal, provides in relevant part:
If a post-judgment motion ... is timely served or filed in the trial court, as the case may be, by any party (1) under Rule 52(b) to amend or make additional findings of fact...; (2) under Rule 59 to alter or amend judgment; or (3) under Rule 59 for a new trial, the ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion ... [emphasis supplied].
Generally, appellate courts “give unqualified effect to the language” of Rule 4(a), which dictates that an “appeal founded on a notice of appeal filed prior to disposition of a postjudgment motion under Mass. R. Civ. R, Rules 50(b), 52(b) or 59 is a *24 nullity and shall be dismissed.”[2] Anthony v. Anthony, 21 Mass. App. Ct. 299, 302 (1985). By the express terms of Rule 4(a), BNE’s only notice of appeal, filed on the same date as its new trial motion, was premature and without effect. Baxter v. Board of Appeals of Barnstable, 29 Mass. App. Ct. 993, 994 (1990). As the notice of appeal was itself a nullity, BNE’s withdrawal or “nullification” of its new trial motion could not revive the notice of appeal, and BNE should have timely filed a new notice of appeal in accordance with the requirements of Rule 4(a).
It would appear that both parties incorrectly assumed that the withdrawal of BNE’s new trial motion revived BNE’s notice of appeal so as to eliminate the need for filing the new notice prescribed by Rule 4(a), and simply proceeded with the appeal process. However erroneous this assumption, it is true as a practical matter that the withdrawal of BNE’s new trial motion had the effect of precluding the entry of an “order” denying or granting the motion which Rule 4 (a) specifies as the trigger for filing a new notice of appeal. Neither party has advanced any case authority delineating an appellant’s Rule 4(a) duty in the event of the withdrawal of a new trial motion instead of the disposition and order thereon. Where the circumstances indicate some legitimate “confusion” about the commencement date for an appeal and there is no prejudice to the rights of the opponent, an appellate court may “decline” to treat a premature notice of appeal as a nullity. See Cruz Management Co. v. Thomas, 417 Mass. 782, 784-785 (1994); Urban Inv. & Develop. Co. v. Turner Constr. Co., 35 Mass. App. Ct. 100, 101 n. 3 (1993), particularly where, as in the instant case, the appeal has clear substantive merit. Accordingly, we proceed to a review of the merits.
2. It is clear that the parties’ Vehicle Lease Agreement is not a G.Lc. 255B “retail installment contract.” See Marine Midland Bank, NA v. Moran, 1994 Mass. App. Div. 167. Section 1 of G.L.c. 255B defines a “retail installment contract” as including:
a contract for the bailment or leasing of a motor vehicle by which the bailee or lessee contracts to pay as compensation for its use a sum substantially equivalent to or in excess of its value and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of the motor vehicle upon full compliance with the terms of the contract.
Under the terms of the Vehicle Lease Agreement herein, Rothman was obligated to make lease payments over the four year term in the total amount, exclusive of sales and excise taxes, of $22,631.04. or 85.6% of the Mazda’s value of $26,450.00. Total lease payments equaling only 85.6% over four years is not a sum “substantially equivalent to” the value of the leased car. Marine Midland Bank, NA, supra at 169. Second, Rothman was not entitled to assume ownership of the Mazda at the end of the four year term simply upon full satisfaction of the lease requirements. The lease required payment at the end of the lease term of 105% of the car’s wholesale value for permanent ownership, rendering it clear that the parties’ agreement was a true lease rather than an installment sales contract. Id. at 169-170.
3. The trial court’s ruling that the parties' lease had to be treated as a G.Lc. 255B “retail installment contract” because BNE had admitted the same in its *25 answer to Rothman’s counterclaim was error.[3] There is no merit to Rothman’s contention that BNE was bound by its admission under G.L.c. 231, §87, which provides that “[pleadings shall be not be evidence, but the allegations therein shall bind the party making them.” Pursuant to that statute, a party is bound only by his own allegations or admissions of fact, or of mixed matters of fact and law, in the pleadings. Wasserman v. Tonelli, 343 Mass. 253, 257 (1961); Maker v. Bermingham, 32 Mass. App. Ct. 971, 973 (1992); Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980). Questions of law, however, are for the court’s determination, and admissions of law bind neither the party making them, nor the court. Wasserman v. Tonelli, supra at 257.
It is elementary that “the meaning of a contract ‘... what promises it makes, what duties or obligations it imposes, is a question of law for the court.’” Tri-City Concrete Co. v. A.L.A. Constr. Co., 343 Mass. 425, 427 (1962). Whether a statute has been violated is a question of fact; whether it is applicable is a question of law. Santella v. Shynott, 27 Mass. App. Ct. 451, 454 n. 4 (1989). Therefore, whether the Vehicle Lease Agreement herein was governed by G.L.c. 255B was a question of law, and BNE’s erroneous admission as to the statute’s application was not binding. Adams v. Adams, 338 Mass. 776, 780 (1959).[4]
Accordingly, the trial court’s judgment for defendant Rothman is hereby vacated. This case is returned to the Salem Division for a new trial.

 The court’s finding for BNE on Rothman’s counterclaim has not been appealed.

 The District and Municipal Court Rules for Appellate Division Appeal (Dist./ Mun. Cts. RADA) track, to the extent possible, the Massachusetts Rules of Appellate Procedure on which they were modeled. We are guided, therefore, in our interpretation of Rule 4(a) herein by the construction given by the Supreme •Judicial Court and Appeals Court to the identical provisions of Mass. RAP., Rule 4(a). Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 93 n. 7 and cases cited.

 Although Rothman made it clear in pre-trial proceedings that he intended to rely on this admission, BNE failed to make any motion at any stage of the proceedings to amend its counterclaim answer to eliminate its improvident and inexplicable admission.

 Rothman argues that BNE should be bound by its erroneous admission of law because Rothman has relied on it to his prejudice. It was Rothman, however, who made the incorrect assertions of law as to both the application of G.L.c. 255B herein and the binding effect of BNE’s admission. Rothman may not claim prejudice simply because his attorney’s error matched that of his opponent. We choose not to contemplate the alternative; namely, that he deliberately made incorrect allegations to the court.