AUGUST W. MEYER *vs.* FORT HILL ENGRAVING COMPANY & others.

Suffolk.     March 13, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Corporation*, Officers and agents: payments by directors to themselves for services.

In a suit in equity by one of four stockholders of a Massachusetts corporation against the corporation and three others, who comprised the remaining stockholders and the directors, to have declared void a vote by the individual defendants as directors increasing their own salaries, it was *held*, that

(1) The vote was regular, although it was taken at a meeting held immediately after resignation by the plaintiff as a director and without notice to him, and although it was not in accordance with an agreement, formerly in existence, by the stockholders among themselves;

(2) Although the course pursued by the individual defendants as directors was drastic and should be subjected to careful scrutiny, a decree dismissing the bill properly was entered, since it appeared that the judge who heard the suit found that he was not satisfied that the amounts paid to the individual defendants in accordance with the vote were excessive.

BILL IN EQUITY, filed in the Superior Court on January 30, 1923, by a minority stockholder in Fort Hill Engraving Company against that corporation and its directors, who

constituted the stockholders other than the plaintiff, to have declared void a vote by the defendants on March 14, 1922, purporting to authorize the payment of certain salaries to themselves, and for an accounting as to the payments made in accordance with such vote.

In the Superior Court, the suit was heard by *Wait, J.*, a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge found the following facts:

" The plaintiff with Ioos, Fryer and Yeaton own all the stock of the defendant. All perform work for the defendant and are entitled to compensation. The plaintiff for a considerable period has not given the defendant the service to which it is entitled, and has not lived up to his obligations to the other stockholders. He ceased to be treasurer, for good cause, in 1917; and he voluntarily retired as a director on April 10, 1920.

" He has approached the other three stockholders in an effort to sell his shares. This bill is a move in the effort to obtain his price. It is for the good of all that he should part company with the others.

" I am not satisfied on the evidence that he has been wronged. He has not been paid as highly as the others; but he is not entitled to be, for he has not worked for the interest of the corporation as they have done.

" The votes to which he objects were legally taken, and the corporation has not been injured by them. I am not satisfied the payments to Ioos, Fryer and Yeaton have been excessive. The pay of engravers in the employ of the corporation runs from $44 a week upward. That the plaintiff has not received as much as the other stockholders in the form of salary is his own fault.

" Upon all the evidence the plaintiff fails to make out a case for the interposition of a court of equity in the affairs of the corporation."

A decree was entered dismissing the bill. The plaintiff appealed.

*H. Bergson*, for the plaintiff.

*W. E. Brownell*, (*R. L. Cummings* with him,) for the defendants.

BRALEY, J. The plaintiff and the defendants, Ioos, Yeaton and Fryer, are stockholders of the defendant corporation, each owning one hundred and fifty-nine shares of the capital " common " stock, the par value of which is not stated. The business of the corporation was the making of all kinds of engraving and dies, including book dies and shoe stamps. The plaintiff was the treasurer, while the board of directors consisted of himself and the defendants. It was organized as, and has continued to be a close corporation; none of the stock apparently has ever been transferred. The stockholders just named were employed by the company at a scale of wages fixed by themselves, which, until dissensions arose in 1916, appears to have been mutually satisfactory. But in 1916, the accuracy of the plaintiff's accounts as treasurer being questioned, certain alleged deficiencies were adjusted by him, and he resigned, although he continued to work as an engraver and remained a member of the board of directors. It is wholly immaterial for the purposes of this suit, which is a minority stockholder's bill, whether he temporarily misappropriated moneys of the company, or whether as time went on his relations with his fellow stockholders became strained, or whether he finally desired to sell his stock and sought to compel them to purchase it, as they contended, at an excessive price, or whether the change in the amount received by him was disproportionate to the amounts paid to the other stockholders as employees.

It is alleged, and the bill goes upon the footing, and the answer admits, that the salaries paid September 8, 1916, were in accordance with the following schedule: the plaintiff was to receive $35 a week, Ioos $40, Fryer $25 and Yeaton $25, with overtime at the rate of fifty cents an hour. It was also agreed, that in addition to the salaries each of the stockholders should receive a bonus of $25 a month. If the defendants are believed, the company never declared a dividend until October, 1921. It could be found, that on April 10, 1920, when the plaintiff resigned as a director, a vote was passed rescinding the vote for a bonus. But on all the evidence this vote does not seem to have been observed

except as to the discontinuance of a bonus to the plaintiff. It is also admitted by the defendants' answer, that except as increased by vote of the directors on March 12, 1917, the month when the plaintiff resigned as treasurer, the original agreement as to salaries remained in force. It thus appears that both salary and bonus were being paid to the defendant stockholders as employees.

We now come to the seventh paragraph of the bill, which, with the exception of the words " in utter disregard of their agreement and understanding with the plaintiff," is admitted by the answer. It reads: " On March 14, 1922, the defendants Ioos, Yeaton and Fryer purporting to act as a board of directors, without any notice or warning of a meeting of the board of directors being given to the plaintiff . . . and in utter disregard of their agreement and understanding with the plaintiff, purported to put through a vote increasing the salaries of the defendants, Ioos, Yeaton and Fryer as follows: To . . . Ioos Seventy-five . . . Dollars per week, to . . . Yeaton Sixty-five . . . Dollars per week and to . . . Fryer Sixty-five . . . Dollars per week . . . . " The evidence supports the conclusion of this paragraph, that the defendants, since the date of the vote, and until January 30, 1923, the date of filing the bill, have drawn and received as wages the salaries so voted, namely: Ioos, $4,000, Yeaton, $3,472, and Fryer, $3,852. The meeting of the directors held on March 14, 1922, however, was regular, and they had authority to pass the vote, even if it was not in accordance with the original agreement of the stockholders among themselves. The plaintiff having resigned, no notice to him of the meeting was necessary. And the corporation was not merely the sum of its stockholders, but an existing legal entity which could manage its corporate affairs through the lawful action of its board of directors. *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 478.

The only remaining question, therefore, is, whether the sums so voted to themselves were a fraud upon the corporation, and subversive of the plaintiff's lawful rights, who as a stockholder was entitled to his share of the profits after all necessary and reasonable charges of management and of

operation had been satisfied. While the course pursued was drastic and should be subjected to careful scrutiny, and there is some evidence, that a feeling of indifference as to his rights if not ill will existed toward the plaintiff on the part of Ioos, Yeaton and Fryer, it was a question of fact whether the amounts, under whatever name designated, and withdrawn by themselves, were in excess of the fair value of their services rendered to the company. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. The burden of proving mismanagement, and alleged wrongful appropriation of the moneys of the company was on the plaintiff. The judge saw and heard the witnesses, upon whose evidence, in some respects conflicting, the question depended, and his finding, " I am not satisfied the payments to Ioos, Fryer and Yeaton have been excessive " cannot be said to be plainly wrong. *Revere Water Co.* v. *Winthrop,* 192 Mass. 455, 459.

The decree dismissing the bill is

*Affirmed.*