LOUIS C. STRATIS & another *vs.* GEORGE ANDRESON & others.

Worcester. September 21, 1925. — February 24, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Corporation,* Officers and agents: salaries.

Directors of a business corporation act in a strictly fiduciary capacity, and, while there is no legal objection to their serving as officers of the corporation and receiving reasonable compensation for services rendered, they cannot be permitted under the law to receive as salaries more than the work they do is fairly worth.

Minority stockholders in a corporation, after a vain effort to require a corporation to institute proceedings to recover from its directors amounts paid them as salaries in excess of what properly should be paid, on behalf of the corporation may maintain a suit in equity against such officers and the corporation for an accounting as to such excess.

It is not an essential prerequisite to recovery in a suit of the character above described that fraud on the part of individual defendants should be proved: the right of recovery for the benefit of the corporation rests upon the excessive payments.

A master, to whom a suit of the character above described was referred, found that one of the defendants, who was a member of the board of directors, was treasurer, general manager and clerk of the corporation, that the salaries paid him in these offices were $6,000, $6,000 and $2,500, respectively; that a fair valuation of the services as clerk would be $1,000, that, "However, considering the nature and value of the other services, . . . the total compensation of $14,500 paid . . . was unquestionably not in excess of the fair value of the services rendered by him to the corporation." A final decree was entered directing that the defendant return $1,500 to the corporation. *Held,* that

(1) The salaries paid to the defendant in his various offices were not a single item but were divided into three separate items;

(2) The excess of the amount paid for services as clerk over the fair value of the services rendered as such must be returned even though the entire compensation received by the defendant, regarded as a unit, was not excessive.

BILL IN EQUITY, filed in the Superior Court on July 31, 1923, by two stockholders, holders of thirty of the ninety shares outstanding in the corporation Alpha Lunch Company doing business in Worcester, against four of the remaining five stockholders, three of whom were the directors and the fourth the manager of the corporation and in control of it, and against the corporation, for an accounting as to alleged exorbitant salaries paid to the individual defendants.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard upon the pleadings and the master's report by *Flynn*, J., by whose order there were entered an interlocutory decree overruling the exceptions to the report and confirming it, and a final decree directing the defendant George Andreson to pay to the corporation $1,500, together with interest thereon at six per cent from January 1, 1923, amounting to $198; that the defendant William Patterson pay to the corporation $2,000 together with interest likewise computed in the sum of $264; and that the defendant Charles Andreson pay to the corporation $2,000, together with interest likewise computed in the sum of $264; and that the plaintiffs be paid their costs. The defendants appealed.

*J. H. Meagher, E. Zaeder & J. L. Bianchi,* for the defendants, submitted a brief.

*L. E. Stockwell,* for the plaintiffs.

RUGG, C.J.    This is a suit wherein minority stockholders in a Massachusetts corporation seek to recover for the benefit of the corporation excessive salaries alleged to have been paid to the defendants as its officers. The case was referred to a master. Since there is no report of the evidence, his findings of fact must be accepted as final and true. *Smith* v. *Lloyd,* 224 Mass. 173.

It appears from the master's report that the corporation, judged by its receipts, has been highly successful, increasing from about $32,000 in 1915 to something in excess of $223,000

in 1922. Three of the defendants are directors. The fourth
defendant is the manager of the lunch room of the corpora-
tion and the master finds that, although the salary paid to
him seems large, being double that paid to any other person
in Worcester in a similar position, yet he has devoted his
entire time to the business and has been very efficient and
that the amount paid him is not in excess of the fair value
of the services rendered by him. Therefore he drops out
of the case. Of the three remaining defendants, who con-
stituted the board of directors, one was treasurer, general
manager, and clerk, his salary for each of these offices being
$6,000, $6,000 and $2,500 respectively, or $14,500 in the
aggregate. Respecting him the master finds that he is "the
principal figure" of the corporation and that, although en-
gaged actively in other business adventures, "his business
ability and foresight, his skill in buying and management,
and the continuous attention he has given this business not-
withstanding his other interests, have very largely if not
mainly been responsible for the successful business career
of the corporation. . . . Standing alone, his services as
clerk would scarcely justify the payment of the salary of
$2,500. I find that the fair value of his services as Clerk
would be $1,000 a year. However, considering the nature
and value of the other services, . . . and following the rule
of *Meyer* v. *Fort Hill Engraving Co.* [249 Mass. 302], I find
that the total compensation of $14,500 paid . . . was un-
questionably not in excess of the fair value of the services
rendered by him to the corporation." Another defendant
received $6,000 annually as president. After making a
statement in detail of the nature of services rendered by him
and taking into account the salary paid the treasurer and
general manager and the receipts and expenditures of the
corporation, the master finds that the salary received by him
was $2,000 in excess of the fair value of his services. The
third director received an annual salary of $4,500 as assistant
treasurer. In view of the nature of his services, which are
described at length, the master reaches the conclusion that
the salary paid him was $2,000 in excess of the fair value of
his services. The master makes a schedule of the receipts,

merchandise purchased, rent, salaries, payroll and profits of the corporation year by year since its organization in 1915. During this period its business increased largely in volume, but showed a loss during the years 1922 and 1923. From these figures and the other evidence the master draws the inference that "these salaries were paid in lieu of distributing the profits of the business by way of dividends."

The plaintiffs before bringing suit filed notice in writing with the corporation protesting against the payment of the salaries in question for the year 1922 on the ground that they were grossly excessive and demanding that proceedings be instituted to recover the excess for the corporation. No action was taken by the corporation or by the directors. *Bartlett* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 530.

A final decree was entered ordering each of the three directors to repay to the corporation the amount of salary received by each in excess of the fair value of the services rendered by each to the corporation. The appeal of the defendants brings the case here.

Directors of a business corporation act in a strictly fiduciary capacity. This office is a trust. *Elliott* v. *Baker,* 194 Mass. 518, 523. *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95, 120. While there is no legal objection to their serving as officers of the corporation and receiving reasonable compensation for services rendered, they cannot be permitted under the law to receive as salaries more than the work they do is fairly worth. The fairness of such salaries is open to examination in equity for the benefit of the corporation. It is not necessary to inquire nicely into the relative rights of the parties where the majority of the directors who are disinterested fix a salary by vote for an associate not participating in the vote. In the case at bar the entire board received salaries in excess of the fair value of the services rendered therefor. It is immaterial in this connection whether there was actual fraud. The right of recovery for the benefit of the corporation rests upon the excessive payment to a director. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. *Meyer* v. *Fort Hill Engraving*

*Co.* 249 Mass. 302. This conclusion is supported by the great weight of authority elsewhere. *Carr* v. *Kimball,* 153 App. Div. (N. Y.) 825; affirmed in 215 N. Y. 634. *Godley* v. *Crandall & Godley Co.* 212 N. Y. 121, 130, 131. *Decatur Mineral Land Co.* v. *Palm,* 113 Ala. 531. *Beha* v. *Martin,* 161 Ky. 838, 844. *Matthews* v. *Headley Chocolate Co.* 130 Md. 523, 536. *Green* v. *National Advertising & Amusement Co.* 137 Minn. 65. *Lillard* v. *Oil, Paint & Drug Co.* 4 Rob. (N. J.) 197. *Booth* v. *Beattie,* 95 N. J. Eq. 776. *Sotter* v. *Coatesville Boiler Works,* 257 Penn. St. 411.

The findings of the master bear every indication of the utmost fairness toward the individual defendants and there is no reason to disturb his conclusions. The salary to the treasurer, general manager, and clerk was not a single item but was divided into three separate items. Each item must stand on its own footing. The salary paid him as clerk has been found to be more than its fair value and the excess must be returned even though the entire compensation regarded as a unit was not excessive. It was not paid as a unit.

There was error in the final decree. It should contain a paragraph to the effect that the bill be dismissed as to Ernest Andreson, whose salary was found not to be more than the fair value of the services rendered by him, and must be thus modified. It must also be modified to include appropriate calculations of interest to the date of decree after rescript. As thus modified it is affirmed with the costs of appeal.

*Ordered accordingly.*