ERNEST D. DANIELS *vs.* CHARLES A. BRIGGS & others.

Norfolk.    December 8, 1931. — April 16, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Corporation*, Officers and agents, Issue of stock, Dividends. *Equity
    Jurisdiction*, Laches, Suit by minority stockholder, Accounting. *In-
    terest. Equity Pleading and Practice*, Appeal, Decree.

Where, in a suit in equity by a minority stockholder of a corporation
    against the corporation and certain of its officers and directors for
    relief from alleged maladministration and misfeasance by the indi-
    vidual defendants, it was not found as to one of such defendants that he
    was guilty of any wrongful act, but the final decree was silent with
    regard to such defendant while granting certain relief as against
    another of the defendants, an appeal by the first defendant from the
    decree was well taken: the bill should have been dismissed as to him
    with costs.

One of the defendants in the suit in equity above described was treasurer of the corporation, and there were votes of the directors in several years fixing his salary. He subsequently became also president, director and manager, and there were no further votes with reference to his salary. In the following years a certain sum per year was reasonable compensation for his services. In some of those years he drew more than that sum and in others less, being accustomed to fix his salary with reference to the profits of the year. He did not accept the sum drawn each year as full payment for that year. *Held*, that it was proper to rule that he was entitled to set off the balances due him for certain years against the overdrafts in other years and that, in the resulting state of his accounts with the corporation, he was not accountable to it for overpayments of salary.

It further was *held*, in the suit in equity above described, that

(1) The acts complained of by the plaintiff being acts by individual defendants who were in complete control of the corporation, a contention, that the suit was barred because the plaintiff had not done all that he might have done to procure action by the corporation, was without merit;

(2) Certain sums being charged to one of the defendants on the books of the corporation, which were kept under his supervision, it was proper to rule that he had the burden of showing that he was not accountable for such sums;

(3) The suit being for the benefit of the corporation, there was no merit in the circumstances in a defence of laches on the part of the plaintiff, whatever effect his conduct in this respect might have had upon him in his individual capacity;

(4) One of the defendants, an officer of the corporation, was chargeable with an improvident loan of the corporation's funds made by him without authority from it to another corporation in which he was interested, although at the time of making the loan he regarded it as "a good investment";

(5) In the absence of an agreement that one of the defendants, an officer of the corporation, should receive interest on sums of his money which he allowed to remain with the corporation, he was not entitled to charge such interest and was accountable to the corporation for interest paid to him by it;

(6) Although the directors of the corporation voted to settle its indebtedness to certain persons, including an officer, by the issuance of its stock, in the circumstances an issuance of stock to that officer was tainted and properly was to be set aside *in toto*, since a part of the alleged indebtedness to him for which it was made was without valid foundation and since he then was accountable to the corporation for certain sums;

(7) It also was proper to order the officer who had received such stock to pay back to the corporation dividends received thereon;

(8) It was proper for the trial judge to refuse to order the payment of a dividend: the matter of the declaration of dividends ordinarily rests in the sound judgment of the directors of a corporation.

A final decree in the suit in equity above described adjudged that one

of the defendants was not accountable to the corporation in certain respects and ordered him to account to the corporation in other respects, and stated that the decree was without prejudice to the assertion of a claim by him against the corporation for any indebtedness which might be found due to him from it. It appeared that, according to the books of the corporation, it was indebted to him in a certain sum. On appeal by that defendant, it was *held*, that such defendant was entitled to have in this suit a complete settlement of his account with the corporation and an order for payment of the balance struck; and the decree was ordered modified accordingly.

BILL IN EQUITY, filed in the Superior Court on November 14, 1924, and afterwards amended, described in the opinion.

The suit was referred to a master. A supplemental bill was filed and allowed on July 17, 1929. Material facts found by the master and a final decree entered by order of *Gray*, J., are described in the opinion. All parties appealed from the final decree.

*Lee M. Friedman*, for the plaintiff.

*C. B. Cross*, for the defendants.

WAIT, J. This is a bill by a minority stockholder in the C. A. Briggs Company against the company, W. E. Briggs, a director of the corporation, and C. A. Briggs, its president, treasurer, a director and owner of all but two shares of its stock except the eighty shares owned by the plaintiff. The plaintiff and the individual defendants constitute the board of directors. The bill charged maladministration and misfeasance; refusal to declare and pay dividends although the corporation has a surplus and is in position to pay them; the payment of inordinate salaries to the individual defendants; arbitrary control exercised to compel minority stockholders to part with their stock at less than its real value; the issue to C. A. Briggs of a large number of shares at par value, when the actual value was greatly in excess of par, for salaries alleged to be due but, in fact, not legally due him. It was filed November 14, 1924. By a supplemental bill allowed July 17, 1929, the offences complained of were alleged to have continued. It prayed appointment of a receiver, an account by the individual defendants of moneys due from them to the corporation, the cancellation of certificates of stock not

issued for legal consideration, an account of the accumulated profits and net earnings of the corporation, and an order for the payment of dividends as well as for general relief. Appeals by the defendants from orders overruling demurrers are not pressed.

After hearing on a master's report, to which no exceptions were taken, the court decreed that C. A. Briggs was bound and he was ordered to return to the corporation six thousand one hundred twenty-five shares of its corporate stock illegally issued to him, and was bound and was ordered to pay to it stated sums with interest from stated dates (1) for money loaned without authority to the King Rubber Company, (2) for money received improperly as interest on amounts loaned by him to the corporation, (3) for the amount of a cash dividend received by him on the six thousand one hundred twenty-five shares illegally issued; and, further, that he was accountable to the corporation for $5,920 and for $3,720 improperly credited to him but in regard to which no relief was ordered because those amounts were credited as part of the sum received by it for the stock illegally issued. It decreed that C. A. Briggs was not now accountable on account of overdrawn salary. Furthermore it ordered payment of a sum taxed as between solicitor and client to be paid by the corporation to the plaintiff out of the amounts ordered to be paid by C. A. Briggs to the corporation. The decree was declared to be without prejudice to the assertion of a claim by C. A. Briggs for any indebtedness which might be found due to him from the corporation, and without prejudice to further proceedings for payment of a dividend after the financial condition of the corporation had been determined by compliance with the decree. The plaintiff appeals; but confines his objection to so much of the decree as deals with the matter of salary. The defendants appeal.

Neither master nor judge found any liability or wrongdoing on the part of W. A. Briggs. The decree does not mention him. His appeal is well taken. The bill should be dismissed as to him with his costs to be paid by the

plaintiff. *Stratis* v. *Andreson*, 254 Mass. 536, 540. He is entitled to a record that as against him the allegations of the bill are not sustained.

There is no merit in the plaintiff's appeal. The master found that a reasonable compensation for the services of C. A. Briggs to the corporation was $15,000 per year in the years from 1919 onward. In December, 1911, it was voted that as treasurer of the corporation he "be paid a salary of $14,000"; in December, 1912, it was voted "That the salary of C. A. Briggs be fixed at $17,000 per year"; in January, 1914, it was voted "That the salary of the Treasurer, Mr. Charles A. Briggs, be $7000 a year," and in January, 1919, it was voted that he "shall receive a salary of $25,000 for the ensuing year, commencing January 1st, 1919." The plaintiff presided at all these meetings. There were no other votes relating to C. A. Briggs's salary. He was credited or he withdrew as salary each year the following sums: in 1919, 1920 and 1921, $25,000; in 1922, $20,000; in 1923, 1924 and 1925, $4,000; and in 1926, 1927 and 1928, $8,000, a total of $131,000. He was accustomed to fix his salary with reference to the profits of the year, and often did not draw his full salary. He had a running account with the company and so informed the plaintiff. He managed the business and made it successful. The judge ruled that if C. A. Briggs took the amounts actually paid or credited to him in each of the years as full payment he could not subsequently set off the difference between those amounts and a fair compensation for the years; but found and ruled that he did not accept the credits and payments as payments in full and "is now entitled to set-off against previous overdrafts the balance due him for the years 1923 to 1928, inclusive, on the basis of a fair salary of $15,000 per annum." There was evidence stated in the report to support this as finding of fact. The vote of 1914 fixing a salary of $7,000 per year in terms related only to a salary as treasurer. The plaintiff apparently was then and till 1919 receiving a salary as president. Obviously that vote could be found not to be controlling in the years following 1919 as to the amount to be

paid C. A. Briggs, the president, treasurer and manager. We think the finding justified. *Ball* v. *Hopkins*, 268 Mass. 260, relied upon by the plaintiff, is not controlling here. The early votes and the course of conduct known to the plaintiff show that compensation was contemplated to be paid. We find no error in failure to compel a return to the corporation. *Meyer* v. *Fort Hill Engraving Co.* 249 Mass. 302. *Stratis* v. *Andreson*, 254 Mass. 536. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 66, 67.

The defendant C. A. Briggs's appeal is based on several grounds.

There is no merit in the contention that the plaintiff must fail because he has not done all that he might to procure action by the corporation. Where the acts complained of are the acts of those in complete control of the corporation, a minority stockholder may bring such a bill as this to remedy them without first requesting action by the corporation. *Hill* v. *Murphy*, 212 Mass. 1. *Brewer* v. *Boston Theatre*, 104 Mass. 378. *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495.

We find no error in the ruling that the burden rested upon C. A. Briggs to justify the payments or credits to him of $5,920 and $3,720, rather than upon the plaintiff to show them improper. In this proceeding C. A. Briggs stood in the position of one bound to account. The books of the company, kept under his supervision, charged him with those amounts. It was for him to establish his discharge from them. *Little* v. *Phipps*, 208 Mass. 331. *Pappathanos* v. *Coakley*, 263 Mass. 401, 408. This burden he did not sustain.

The ruling and finding with regard to laches must stand. Although until 1919 the plaintiff was both president and a director, and although at all times the books were open to his inspection and were honestly kept, the master found that he was not an accountant nor skilled as a business man. While it may well be that he could not excuse himself from responsibility to others for failure to inform himself with regard to the matters of which he complains, we think it is open to him on behalf of the corporation to in-

stitute proceedings for recovery. We have some hesitation in regard to the item of $5,920, where the master found that the bookkeeper who made the entry before 1912 is dead and C. A. Briggs was possibly prejudiced in his defence by the delay; but since the entry, like all the bookkeeping entries, was made under direction of Briggs (who was found to be unable to recollect in regard to the matter) we think the finding should not be disturbed. The facts were not actually known to the plaintiff until after July, 1919. He was on friendly terms with Briggs until 1919, and seems to have trusted the actual management of the business to him without question until superseded by him as president in 1919. The real beneficiary of this proceeding is the corporation. As against it there is no merit in the defence of laches. *Coram* v. *Davis*, 209 Mass. 229, 250. *New York Central Railroad* v. *Ayer*, 239 Mass. 70, 77. *Chamberlain* v. *Henry*, 263 Mass. 63, 66.

The master found that the loan to the King Rubber Company was never entered on the books, was never authorized by any vote or action of the corporation, and proved to be a total loss which was charged off as merchandise. C. A. Briggs was interested personally in the King Rubber Company. A decree holding him responsible is sustained by the findings, even if it also be found that at the time he regarded the "loan [as] a good investment," and although the law permits one business corporation to loan to another in appropriate circumstances.

There was no error in charging Briggs with the amounts paid to him as interest. Unless an agreement exists for payment of interest, an officer of a corporation cannot charge interest on amounts of his money allowed to remain with the corporation. Interest is not due as compensation for the use of money unless by agreement. *Ratner* v. *Hill*, 270 Mass. 249, 253–254. We cannot say the finding was wrong.

The order with reference to the issue of six thousand one hundred twenty-five shares to C. A. Briggs presents difficulty. In January, 1911, the directors, of whom the plaintiff was one, voted that indebtedness to creditors might be

settled by delivery of stock at par. Authority to do this had been given by the shareholders. On December 4, 1911, the directors voted that "the indebtedness of the company to Charles A. Briggs be liquidated by the delivery to him of the capital stock of this corporation at the par value thereof." The book value of the stock issued at the end of 1911 was $102.60 per share. No stock was issued between 1912 and 1919. In January, 1919, the books of the corporation showed it to be indebted to C. A. Briggs in $61,251.77. He directed the issue to himself of a certificate for six thousand one hundred twenty-five shares at par in payment. Although at that time he was not president, he signed the certificate as such. Later, in July, 1919, after his unanimous election to succeed the plaintiff as president, he turned in that certificate and received another which he signed properly as president. These transactions were all duly entered upon the books of the company which at all times were open to the plaintiff for inspection and examination. The plaintiff, although a director and until July, 1919, the president of the company, was in fact ignorant with regard to the transaction. In July, 1919, the records show a vote: "that the vote of the Directors of January 29, 1911, following a similar vote of the stockholders, relative to the settlement of indebtedness of the Company by delivery of stock at par to creditors holding such indebtedness be affirmed and treated as being in full force and effect." The plaintiff was present at this meeting, and made no protest in this regard. The finding of the master and the court that the issue of stock was, in fact, improper must be sustained; since it appears that the indebtedness of $61,251.77 in payment of which this stock was issued was made up in part by the charges for "Notes Payable," $5,920, and for "Refund," $3,720, which this defendant had not sustained the burden of proving to be valid; and because he was also chargeable then with the unauthorized loans to the King Rubber Company and the overcharge of interest already discussed. The transaction was tainted, and can properly be set aside *in toto.* It was in violation of the fiduciary obligations of C. A. Briggs

toward the corporation. *L. E. Fosgate Co.* v. *Boston Market Terminal Co.* 275 Mass. 99. If the issue was improper, manifestly the dividends received upon the shares were obtained wrongfully. There was no error in requiring the cancellation of the certificate and the return of the stock with the dividends.

The judge was right in refusing to order payment of a dividend by the corporation. What shall be done with the earnings of a corporation rests in the sound judgment of the directors. A court will not undertake to control this except in extraordinary circumstances. *Fernald* v. *Frank Ridlon Co.* 246 Mass. 64. *Joslin* v. *Boston & Maine Railroad,* 274 Mass. 551, and cases collected.

The defendants however were entitled here to a decision of the material issues properly brought before the court by the pleadings. *Marshall* v. *Holbrook,* 276 Mass. 341, 348. See 21 C. J. 661–662, for collection of cases. Compare *French* v. *Brooke,* 241 Mass. 315. C. A. Briggs has a right to a decree which shall settle the account here demanded. The plaintiff has had his day in court. He is not entitled to another opportunity to introduce evidence which was admissible here but was not produced. It appears that the corporation was indebted to C. A. Briggs according to its books in $61,251.77 in January, 1919, and that there is a credit due him for salary not drawn. It appears that he owes the corporation the items for which he is here found accountable. If there is a balance in his favor he is entitled to have it appear in the decree.

The decree must be modified. The paragraphs are affirmed which charge C. A. Briggs with indebtedness to the corporation in the amounts stated; order the return to the corporation of the six thousand one hundred twenty-five shares improperly issued to him; order the payment to the plaintiff of the amount taxed as costs between solicitor and client; and adjudging that C. A. Briggs is not accountable for salary overdrawn. An account of the indebtedness of C. A. Briggs to the corporation with all counter charges in his favor must be stated, a balance be

obtained, and proper order be made for payment thereof. The bill must be dismissed as against William E. Briggs with his costs taxed as at law to be paid by the plaintiff. The case is remanded to the Superior Court for decree not inconsistent herewith.

*Ordered accordingly.*