NICHOLAS CORALLO AND PETER CORALLO, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS, v. ESSEX COUNTY WELFARE BOARD, A CORPORATE ENTITY OF NEW JERSEY, AND PHILIP K. LAZARO, DIRECTOR, ESSEX COUNTY WELFARE BOARD, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 12, 1976—Decided April 6, 1976.

Before Judges Fritz, Seidman and Milmed.

Ms. Rita L. Bender, attorney for cross-appellants (Ms. Julie Kligerman on the brief).

Mr. William J. Tamburri, attorney for cross-respondents (Ms. Susan J. Barone on the brief).

Per Curiam. The sole remaining issue on this appeal and cross-appeal[1] concerns the liability of the Essex County Welfare Board (board) for interest on money repaid and re-

---

[1] The appeal of the Essex County Welfare Board from the judgment below, adverse to its contentions in all respects except the interest issue, was dismissed, apparently on account of the failure of appellant to perfect its appeal. R. 2:9-9.

tained by that board under a reimbursement agreement in view of a later determination that that money should be refunded to the welfare recipient. The court below disallowed interest. We affirm.

In March 1968 one Nicholas Corallo (Nicholas) applied to the board for financial assistance based upon a need generated by physical disability. He executed an agreement to reimburse providing generally for reimbursement of the assistance grants and pledging unscheduled real and personal property as security therefor. Peter Corallo (Peter), father of Nicholas, was appointed protective payee.

In January 1969 Nicholas was awarded and paid Social Security disability benefits in the amount of $826.10 retroactive to February 1968. The board demanded reimbursement, and on April 17, 1969 Peter, acting for Nicholas, repaid the board $826. On January 10, 1973 the United States Supreme Court declared that § 207 of the Social Security Act (42 *U. S. C. A.,* § 407) barred the State of New Jersey from reaching the federal disability payments to one situated as was Nicholas. *Philpott v. Essex Cty. Welfare Board,* 409 *U. S.* 413, 415, 93 *S. Ct.* 590, 34 *L. Ed.* 2d 608 (1973).

Peter demanded a return of his $826, apparently by a letter dated January 24, 1973. A response, dated January 31, 1973, signed by an administrative supervisor on behalf of counsel to the board, rejected the request and advised Peter that the United States Supreme Court decision prohibiting welfare reimbursement from Social Security benefits "became effective January 10, 1973. It does not entitle your son Nicholas to any refund from this Board."

Nicholas and Peter commenced suit for return of the $826, for interest from April 17, 1969 and for costs. The judgment below mandated the return of the money, but denied interest and costs. The appeal by the board has been dismissed. (see n. 1, *supra*) The cross-appeal of the Corallos from the denial of interest is before us for determination.

It is important that we emphasize from the outset that we are not at all speaking of the retroactivity of *Philpott.* Had the appeal of the board been perfected it might well have been necessary to consider that issue, despite the entirely reasonable argument that *Philpott* itself seems to have determined it by the adjudication of the claim there involved. But the only viable issue before us concerns the disallowance of interest.

Our affirmance is reached upon a number of considerations. First, interest is not the unqualified right of the prevailing litigant. *East Orange v. Palmer,* 52 *N. J.* 329, 336 (1968). Instead, in matters of interest not involving contractual obligation therefor, a trial judge is invested with broad discretion to allow interest in accordance with principles of equity. *Deerhurst Estates v. Meadow Homes, Inc.,* 64 *N. J. Super.* 134, 155 (App. Div. 1960), certif. den. 34 *N. J.* 66 (1961). Certainly the very uncertain state of the law prior to *Philpott*[2] entirely justified the denial of interest at least to the time of that decision. As far as thereafter is concerned, the exercise of discretion by the trial judge appeared bottomed on what he conceived to be a reasonable apprehension by the board that *Philpott* might have been only prospective in its operation. Our law is not without an example of retroactive application only to the successful petitioner and not to other claims, including those pending at the time. *Willis v. Dept. of Cons. & Ec. Develop.,* 55 *N. J.* 534, 541 (1970). Finally, the judge below was well aware that the board is a public body, and that while there are exceptions to the rule, ordinarily interest is not payable as damages for the improper withholding of funds by a governmental agency unless a statute so provides. *Consolidated*

---

[2]The Law Division (104 *N. J. Super.* 280 (Law Div. 1969)) and the Appellate Division (109 *N. J. Super.* 48 (App. Div. 1970)) were reversed by our Supreme Court (59 *N. J.* 75 (1971)) which was, in turn, reversed by the United States Supreme Court (409 *U. S.* 413, 93 S. Ct. 590, 34 L. Ed. 2d 608 (1973)).

*Police, etc., Pension Fund Comm'n v. Passaic,* 23 *N. J.* 645 (1957); *Universal C. I. T. Credit Corp. v. Paramus,* 93 *N. J. Super.* 28, 30 (App. Div. 1966), certif. den. 48 *N. J.* 580 (1967). Viewed in these perspectives, the exercise of discretion below, was not, in our judgment, wide of the mark.

Affirmed. No costs to any party on either the appeal or the cross-appeal.