IN THE MATTER OF THE ELIZABETH EDUCATION AS-
SOCIATION, HERBERT LEVITT, PRESIDENT. LOUIS
ALT, JOAN WALSH, AND DENISE GEBRIAN, CHARGED
WITH CONTEMPT OF COURT.

Superior Court of New Jersey
Appellate Division

Argued April 30, 1979—Decided May 9, 1979.

138

Before Judges CONFORD, PRESSLER and KING.

*Mr. Sheldon H. Pincus* argued the cause for the appellants (*Messrs. Goldberg & Simon,* attorneys; *Mr. Gerald M. Goldberg,* of counsel).

*Mr. Paul A. Massaro,* Assistant Prosecutor, argued the cause for the respondent (*Mr. John H. Stamler,* Union County Prosecutor, attorney; *Mr. Michael J. Zidonik,* Assistant Prosecutor, on the brief).

PER CURIAM. ■ The single and narrow question raised by this appeal is whether a defendant who has paid a fine imposed upon him following a conviction is entitled to have interest paid to him by the State on the amount of the fine where the conviction is reversed on appeal and the fine consequently restituted to him. The trial judge concluded that there was here neither a legal nor equitable basis for the allowance of such interest and we agree.

The controversy here arises out of a teachers' strike conducted by defendant union. The union as well as the four individual defendants had been adjudged guilty of contempt of a restraining order on ten specified dates and fined for each of those dates. On appeal we reversed the contempt conviction except as it applied to the first of these dates, on the ground that only the first day was within the scope of the controlling order to show cause. See *In re Elizabeth Education Ass'n,* 154 *N. J. Super.* 291 (App. Div. 1977), certif. den. 77 *N. J.* 492 (1978). Accordingly, defendants moved before the trial court seeking restitution of the fines which had been imposed for all but the first date and, further, seeking interest at the rate of 8% on the amount of the fines.

Defendants concede that there is no authority either by statute or case law supporting their claim for interest on a restituted fine. Indeed, defendants' legal position is contrary to the well-established principle that ordinarily interest is not payable as damages for the withholding of funds by a governmental agency unless a statute so provides. See

*Corallo v. Essex Cty. Welfare Bd.,* 140 *N. J. Super.* 414, 417 (App. Div. 1976) ; *Consolidated Police, etc., Pension Fund Comm'n v. Passaic,* 23 *N. J.* 645 (1957) ; *Universal C. I. T. Credit Corp. v. Paramus,* 93 *N. J. Super.* 28, 30 (App. Div. 1966), certif. den. 48 *N. J.* 580 (1967). And see *Pasha v. United States,* 484 *F.* 2d 630, 633 (7th Cir. 1973).

■ We are further satisfied that there are no overriding equitable considerations here present which would justify our departure from the general rule. It is clear that the State acted in good faith in its receipt and disposition of the fines. There was here no impropriety at all in the State's holding of the fund in question. It also appeared below that the fines, when received by the Superior Court 'Clerk, were not placed in any interest-bearing or segregated account but were rather, in accordance with regular procedure, transmitted to the State Treasurer. Nor was there any indication that the State Treasurer had placed these funds in an interest-bearing account. Thus, we are persuaded that the trial court properly rejected the defendants' unjust enrichment thesis. He did not mistakenly exercise his discretion by denying the interest application.

Affirmed.