WARREN REALTY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RE-SPONDENT, v. TOWNSHIP OF EAST WINDSOR, A MUNICI-PAL CORPORATION OF THE STATE OF NEW JERSEY, DE-FENDANT-RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1980—Decided June 6, 1980.

Before Judges FRITZ, KOLE and LANE.

*Alexander Feinberg* argued the cause for appellant and cross-respondent Warren Realty Co., Inc. (*Evoy & Feinberg,* attorneys; *Alexander Feinberg* on the brief).

*Michael A. Pane, IV,* argued the cause for respondent and cross-appellant Township of East Windsor.

PER CURIAM.

In order to obtain final subdivision approval plaintiff posted a performance guarantee in the amount of $142,665.55 by posting a performance bond in the amount of $71,332.75 and cash in the same amount. During the course of development requests for partial reduction of the performance guarantee were honored by the municipality by approving reductions in the performance bond. By resolution adopted June 13, 1978 the municipality,

upon recommendation of its engineer, determined that all of the improvements had been completed and that upon posting a maintenance guarantee and a cash escrow for completion of certain minor items, the balance of the performance bond and the cash deposited would be released. By resolution of September 12, 1978 the municipality approved the issuance of a check to plaintiff for the return of the cash deposited. Through clerical errors the check was not delivered to plaintiff until January 12, 1979, the date upon which a motion for summary judgment was heard.

The cash deposited was invested by the municipality. Plaintiff contends that it should be paid the interest received by the municipality on the cash deposited. The trial judge allowed recovery to plaintiff of the interest received by the municipality on the amount deposited from September 8, 1976, the date when demand was first made for interest. The actual date of deposit of the money with the municipality cannot be definitely established from the record, but it was between December 21, 1973 and March 15, 1974. The judgment was for $11,081.68. Plaintiff appeals from so much of the judgment as provides that its right to interest commences September 8, 1976 rather than the date of deposit. Defendant cross-appeals from so much of the judgment as requires the payment of any interest.

The performance guarantee was posted in accordance with § 3 of the subdivision ordinance which provided in part:

. . . Such performance guarantees shall consist of a performance bond issued by a Surety Company in the amount of 50% of the Township engineer's estimate of the cost of said improvements not theretofore installed, together with cash, cashier's check or certified check in the amount of 50% of said estimate of the cost of said improvements. Said performance guarantees shall assure proper installation of said improvements by an agreed date. The cash, cashier's check or certified check shall be held in escrow by the Township Treasurer and deposited or invested in the manner prescribed by law for municipal funds, the principal amount to be refunded to the subdivider upon satisfactory completion of all said improvements and upon posting maintenance bond as provided in this ordinance.

The requirement for a performance guarantee at that time was authorized by *N.J.S.A.* 40:55–1.21. No question has been raised about the validity or reasonableness of the ordinance. It is to be noted that at the present time an ordinance requiring a

performance guarantee under *N.J.S.A.* 40:55D–53 may require no more than 10% of the total performance guarantee to be in cash. *N.J.S.A.* 40:55D–6.

█ The ordinance is clear that the cash deposited by a developer will while held by the municipality be invested in the manner prescribed by law for municipal funds. It makes no provision for the payment of any interest received by the municipality to the developer. It states specifically that upon satisfactory completion of the improvements and the posting of a maintenance bond, "the principal amount" will be refunded to the developer. No statute has been cited to us requiring the payment to one depositing funds with a municipality of any interest that may have been received by the municipality on the investment of such funds.

In *Consolidated Police, etc., Pension Fund Comm'n v. Passaic,* 23 *N.J.* 645 (1957) the court stated:

> And in this country interest is generally of statutory origin. Ordinarily, interest is not due as "compensation for the use of money unless by agreement." [at 653]

The court quoted with approval from *Daniels v. Briggs,* 279 *Mass.* 87, 180 *N.E.* 717 (Sup.Jud.Ct.1932):

> ". . . But the law neither imposes nor implies an obligation to pay interest from the moment of the creation of a debt, or of a deposit. Such a payment is in its essence a consideration for the use of money. That obligation must arise from special agreement of the parties." [23 *N.J.* at 653–654]

Here there is no statute or ordinance providing for the payment of interest to a developer making a cash deposit as a performance guarantee for the installation of improvements. There was no agreement by the municipality to pay to the developer any interest that would be received by the municipality. The trial judge, in rendering his decision, said merely that it did not "seem equitable to me that when a sum of money is deposited with the Township in escrow and it is placed in a deposit which earns money why the owner of the money shouldn't get the interest." No reasons are stated to support such "equitable" feeling. No consideration was given to the following facts: the ordinance made provision for the return of the principal but did not mention the return of interest, the amount received by the municipality had been expended for the

support of municipal government in the years in which the return on the investment was received, the investment of the funds imposed a risk upon the municipality, the investment of the funds required management services by the municipality, the effect of *N.J.S.A.* 40A:4–45.2 on increasing the municipal budget now to repay developer, and the amount of collateral that the developer might have to post to obtain a surety bond and the premiums which it would have to pay.

■ Whether, in what amount and under what circumstances municipalities are to be required to pay interest on funds deposited is an appropriate subject for legislation rather than judicial direction. *Corallo v. Essex Cty. Welfare Bd.*, 140 *N.J. Super.* 414, 417 (App.Div.1976). *Cf. United States Trust Co. v. New Jersey*, 431 *U.S.* 1, 22–23, 97 *S.Ct.* 1505, 1517–1518, 52 *L.Ed.* 2d 92 (1977).

We find no merit to any of the other contentions raised by plaintiff.

That portion of the judgment requiring the municipality to pay plaintiff $11,081.68 interest as earned by it on the amount deposited is reversed and judgment entered in favor of the municipality on that issue.