180 N.J. Super. 511 (1981)
435 A.2d 1161
THE ELIZABETH POLICE SUPERIOR OFFICERS ASSOCIATION, AN UNINCORPORATED LABOR ORGANIZATION, PLAINTIFF-RESPONDENT,
v.
THE CITY OF ELIZABETH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1981.
Decided July 15, 1981.
*512 Before Judges BOTTER, KING and McELROY.
James P. Granello argued the cause for appellant (Murray, Granello & Kenney, attorneys; Robert E. Murray, of counsel; Mark J. Blunda and Rodney T. Hara, on the brief).
Leslie Schwartz argued the cause for respondent (Craner & Nelson, attorneys).
The opinion of the court was delivered by McELROY, J.A.D.
*513 The single issue raised by this appeal is whether the municipal defendant-appellant should pay interest to the plaintiff-respondent on an arbitrator's award where plaintiff, dissatisfied with that award, demanded that it be paid and at the same time sought an order to show cause vacating the award. The court below ruled that defendant must pay 8% straight interest on the award. We disagree and reverse.
The essential facts are not in dispute. Plaintiff is the labor organization authorized to represent all sergeants, lieutenants and captains employed in the police department of the City of Elizabeth. It entered into negotiations with defendant for a new contract to replace an agreement which would expire on May 31, 1979. The parties could not agree and plaintiff sought compulsory interest arbitration pursuant to N.J.S.A. 34:13A-16.[1] Hearings were held and the arbitrator on September 19, 1979 rendered his decision. Bound by statute (N.J.S.A. 34:13A-16(d)(2)) to choose between the final economic proposals of the parties as a package and, as to non-economic issues, between the final proposals of the parties on each issue, the arbitrator chose the city's economic package and did not choose any of plaintiff's non-economic proposals.
On October 12, 1979, 13 days after the date of the award, counsel for defendant wrote to plaintiff's attorney inquiring whether plaintiff intended to accept the arbitrator's decision and stated:
If there is to be no appeal, we would like to be formally so advised so that we may implement Arbitrator Collins' Award and execute a new Collective Bargaining Agreement reflecting that Award....
*514 On October 17, 1979 plaintiff's counsel advised that plaintiff would seek "court relief to set aside the award." He noted that under the statute plaintiff had 90 days from the date of the award to take such action and that he would "do so at my earliest convenience."[2] In this letter plaintiff's attorney stated:
In the meantime, it seems to me that the award must be implemented by the City regardless of the action we take. Firstly, let me point out to you that whatever increase the patrolmen received in January of 1979 comes under our old contract and therefore we are entitled to that money retroactively. I also suggest that you implement the July increase as well as the bonus since any determination certainly is not going to be less than the payments you are making and they can always be credited in the event we are successful in having the award set aside and in a subsequent arbitration getting the type of award that we have sought previously.
Defendant's attorney replied on October 26, 1979 stating
... it is clearly premature as well as inappropriate for the City at this time to implement this binding Arbitration Award until your appeal has been heard as well as our motion which is now required to confirm the Award....
Plaintiff did not bring its action to vacate the award until December 3, 1979, 75 days after the date of award. Defendant was not served with the complaint until December 21, 1979.[3] *515 The matter was heard on January 25, 1980. The trial court refused to vacate the arbitrator's award but ordered defendant to pay interest on the award at 8% from the date of its entry. On January 29, 1980 defendant moved that the trial court reconsider the award of interest or, alternatively, that the court modify the period during which interest was to accrue for a period of at least 60 days to allow the city to "enact the necessary ordinances to lawfully pay increased salaries to [the employees] and to make the necessary adjustments in the City's business and payroll records." In a written opinion the court below denied defendant the relief sought.
The trial court correctly noted that interest is not generally payable as damages for the improper withholding of funds by a governmental entity unless a statute so provides. Consolidated Police, &c., Pension Fund Comm'n Passaic, 23 N.J. 645, 654 (1957); Warren Realty Co. v. East Windsor Tp., 174 N.J. Super. 322, 326 (App.Div. 1980); In re Elizabeth Educ. Ass'n, 168 N.J. Super. 137, 139 (App.Div. 1979); Corallo v. Essex Cty. Welfare Bd., 140 N.J. Super. 414, 417 (App.Div. 1976); Universal C.I.T. Credit Corp. v. Paramus, 93 N.J. Super. 28, 30 (App.Div. 1966). The court below observed that this general rule has exceptions, concluded that principles of equity "ultimately control the allowance *516 or denial of interest against governmental entities," and that a trial court is "invested with broad discretion in the matter of interest."
Ultimately the trial judge awarded interest because N.J.S.A. 34:13A-14 as a statement of public policy requires that the provisions of the act "providing for compulsory arbitration, shall be liberally construed"; because N.J.S.A. 34:13A-19 provides that increases in rates of compensation awarded by the arbitrator "shall take effect on the date of implementation prescribed in the award," and because N.J.S.A. 34:13A-20 provides that the review of the award in the Superior Court "shall not of itself stay the order of the arbitrator." The judge felt, thus, that although interest ordinarily should not be awarded against a municipality in the absence of a statute providing for interest, "overriding equitable considerations" and the "mandate" of N.J.S.A. 34:13A-19 and 20 here compelled an award of interest to plaintiff. This is clear in the following passage from the opinion below.
In any event, there are overriding equitable considerations present here. As provided by N.J.S.A. 34:13A-19, the award in this case took effect on September 19, 1979. The defendant did not implement the award immediately and it had not been implemented as of the date of the confirmation hearing. In effect what occurred was a self-imposed stay on the part of the defendant. I find this contrary to the mandatory language contained in both N.J.S.A. 34:13A-19 and N.J.S.A. 34:13A-20 and contrary to the plainest and simplest considerations of justice and fair dealing. The defendant should have either implemented the award, or if the defendant felt it was justifiable, moved to stay the implementation of the award. Of course, the court recognizes that consideration must be given to the reasonable delays in implementation caused by `provisional rules of procedure and the mechanics of governmental procedure.' 713 Co. v. Jersey City, 94 N.J. Super. 210, 219 (Law Div. 1967). However, the defendant here did not take any steps necessary to implement the award.
Although defendant does not explicitly say so, in not implementing the award it followed what has apparently developed into a general practice of not implementing compulsory interest arbitration awards until all litigation has been resolved despite the fact that this practice is contrary to governing statutes. Even taking this into consideration, the city wrongfully withheld the money due under the award and benefited by retaining it. The individuals represented by plaintiff are entitled to compensation for the loss incurred by this wrongful retention.... (Emphasis ours.)
*517 We agree with the court below that the basis for an award of interest against a municipality may be found in a given statute, either as an absolute right or as a matter of sound discretion. Consolidated Police, &c., Pension Fund Comm'n v. Passaic, supra, 23 N.J. at 654. Likewise we concur that the right to such interest may, in a proper case, be awarded in the absence of such a statute because of overriding and compelling equitable reasons. Consolidated Police, supra; In re Elizabeth Educ. Ass'n, supra, 168 N.J. Super. at 140. In such circumstances a trial court has broad discretion. Corallo v. Essex Cty. Welfare Bd., supra. In cases where there is an exercise of such discretion a reviewing court ordinarily defers to that action unless it represents a manifest denial of justice. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). Here, as we will shortly demonstrate, we feel that the court below, however conscientiously, misconceived the intent of N.J.S.A. 34:13A-19 and 20 as mandating payment of the arbitrator's award despite plaintiff's attempt to vacate it, and swayed by this premise, concluded that monies were wrongfully withheld from plaintiff contrary to plain and simple "considerations of justice and fair dealing." We are obliged to reverse. The controlling principle was stated by Judge Foley, speaking for the court, in Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App.Div. 1960), and reiterated in State v. Steele, 92 N.J. Super. 498, 507 (App.Div. 1966). In Kavanaugh the court held:
It is well settled that discretion means legal discretion, in the exercise of which the trial judge must take account of the law applicable to the particular circumstances of the case and be governed accordingly. Implicit is conscientious judgment directed by law and reason and looking to a just result. Sokol v. Liebstein, 9 N.J. 93, 99 (1952), Rossetti v. Public Service Coord. Transport, 53 N.J. Super. 293, 298 (App.Div. 1958). Consequently, if the trial judge misconceives the applicable law, or misapplies it to the factual complex, in total effect the exercise of the legal discretion lacks a foundation and becomes an arbitrary act, however conscientious may have been the judge in the performance of it. When this occurs it is the duty of the reviewing court to adjudicate the controversy in the light of the applicable law in order that a manifest denial of justice be avoided.
*518 We fail to see in N.J.S.A. 34:13A-19 and 20 and in the dictate of liberal construction contained in N.J.S.A. 34:13A-14 the implicit power read into them by the court below to "mandate" this award of interest. Section 19 merely states that, "[i]ncreases in rates of compensation awarded by an arbitrator shall take effect on the date of implementation prescribed in the award." The same section provides that the award "may be enforced at the instance of either party in the Superior Court...." Clearly, if both parties agree with the award there is no need to enforce it and the award is payable from the date of its entry. Where, as here, the representative of the municipal employees seeks not to enforce the award but to vacate it, N.J.S.A. 34:13A-16f(5) is utilized. This segment of the statute provides that a proceeding to "vacate, modify or correct such award" shall on "extrinsic evidence" be brought "pursuant to N.J.S. 2A:24-7 et seq." This latter general arbitration statute grants to a party "within 3 months after the award is delivered to him" the right by summary action to seek confirmation (i.e., enforcement) or vacation, modification or correction of the award. Since utilization of N.J.S.A. 2A:24-7 et seq. for any of these purposes may not take place for three months, the clear import of N.J.S.A. 34:13A-19 is to insure that when the award is eventually confirmed or enforced it shall be regarded as effective not on the date of confirmation but as of its date of entry.
We see in this language no license to a party who disputes the award to thereby assert a claim to benefit from the award, on pain of interest being imposed, while he seeks its vacation. Interest of the type here sought is for "damages for the illegal detention of a legitimate claim or indebtedness." Dial Press, Inc. v. Phillips, 23 N.J. Super. 543, 551 (App.Div. 1952). (Emphasis ours.) There is no equitable reason to aid one who seeks to set aside the benefit he seeks to retain. Cf. Dial Press, Inc., supra, at 552. The mere fact that he wishes both the bird in hand and the two that may be in the bush does not seem reason enough, and the statute does not grant the right sought. Plaintiff's attempt to vacate the arbitrator's award must be realistically *519 viewed, plaintiff's desire to retain its benefits notwithstanding, as a legal rejection of the award. In this context while defendant may in the interim retain and use the monies awarded, such retention cannot and should not be viewed as a benefit achieved through wrongful retention of the award. See Mayor, etc., of Jersey City v. O'Callaghan, 41 N.J.L. 349, 351 (E. & A. 1879); 713 Co. v. Jersey City, 94 N.J. Super. 210, 218-219 (Law Div. 1967). Plaintiff's members, denied the use of the money, may indeed suffer damage but such loss is not caused by defendant who was willing to implement the award as rendered. The imposition of interest in such circumstances is the imposition, without statutory warrant, of a penalty against the municipal defendant.
Plaintiff contends here that since the arbitrator was bound to accept its economic package or defendant's, defendant by implementing its own chosen award would lose nothing because if plaintiff were successful in vacating the disputed award "any `new' award would only result in the same or greater benefits." If this reasoning were valid a municipality might just as well be directed to pay interest on its final economic package offer when it submits the matter to an arbitrator who, in the circumstances here presented, was bound by statute to at least select its lesser offer where the arbitrator rejects as unreasonable the greater one proposed by the employees' bargaining representative. Either of these approaches makes for a lack of stability in the financial mechanics and procedure of municipal government.
Our approach to this matter does not, as the court below suggested, penalize plaintiff for exercising its right to seek vacation of the award. Plaintiff has that right but, like any other litigant in judicial disputes, it should not, in equity, have the benefit of the judgment it views as unjust and seeks to nullify.
N.J.S.A. 34:13A-20, which provides that the pendency of a proceeding for the review of the award "shall not of itself stay the order of the arbitrator," does not require of defendant that *520 it move for a stay where plaintiff earlier indicated it would seek to vacate the award and in fact did do so. Clearly, a stay would be necessary in a situation where the defendant as the party responsible for implementation of the award sought to vacate it. Where, however, plaintiff in legal effect rejects the award and defendant stands willing to pay, there is no more need for defendant to seek a stay than there is for any civil defendant to do so, or to seek a supercedeas bond where such defendant is not an appellant under R. 2:9-5 and R. 2:9-6. The fact that defendant sought by counterclaim to have the award confirmed is of no moment. That action was made necessary by plaintiff's complaint seeking to vacate the award. R. 2:9-5, like N.J.S.A. 34:13A-20, speaks in general terms but the clear implication of both and the general accepted practice under R. 2:9-5(b) is that a defendant responsible for payment of a money judgment which is rejected by an appealing plaintiff is not required to seek a stay of the judgment plaintiff rejects. Absent a clear expression of intent in this statute to change what is the accepted practice we see no ground to infer that a legislature, knowledgeable of such practice, intended a different course of procedure here.
The adjuration of N.J.S.A. 34:13A-14 that the provisions of the act be liberally construed does not call for the result achieved below. That section provides:
It is the public policy of this State that in public fire and police departments, where public employees do not enjoy the right to strike, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of this act, providing for compulsory arbitration, shall be liberally construed.
This statute clearly seeks liberal interpretation of "the provisions of this act, providing for compulsory arbitration" not for the purpose of boosting the morale of the fire and police departments generally, but to more realistically do so by expediting effective and binding procedure for the resolution of disputes. No such procedure is effective or binding, nor is the statutory public policy properly served if, having sought binding *521 arbitration, the employees, have the right to accept the benefit of the award (or interest on it) while they continue to try to have their final economic package and non-economic demands accepted in a court test and perhaps yet another arbitration procedure. Such a result is hardly an aid to effective and binding arbitration nor does it consider, respect or protect the rights of the citizens and taxpayers of a municipality. See N.J.S.A. 34:13A-2. To the contrary, it will insure that any final economic package offered by the employer and deemed reasonable by the arbitrator will always be challenged by court action. Under the result achieved below, despite the municipality's willingness to implement the award, the employees' representative can with impunity safely ponder for a full 90 days whether to seek vacation of the award. The mandate to pay interest during this period would make this a relatively painless period and the only way a municipal employer could avoid such liability is to move immediately after the award to have it stayed or confirmed. We see in this statute no legislative expression of intent that taxpayers' funds shall in every case be used for such purpose. We need not consider, because it is not before us, the converse proposition as to whether equitable principles might dictate imposition of interest on an award favorable to the employees where the municipality seeks to vacate, modify or correct such an award.
We are constrained to further observe that even if we were inclined to consider granting interest in this case, the facts do not demonstrate that the greater equity rests with plaintiff. Defendant was instantly willing to implement the award of September 29, 1979. Plaintiff instructed its counsel either on or before October 17, 1979 (27 days after the award) to seek vacation of the award. Defendant counsel acknowledged that instruction in his letter of that date but, noting plaintiff had 90 days to do so, asserted he would take action at his "earliest convenience." This suit was filed December 3, 1979, 75 days after the award was rendered and 48 days after counsel's letter, and defendant was served December 21, 1979. We would not, in *522 any event, be moved in these circumstances to consider plaintiff entitled to interest for the full period from September 19, 1979 to the date the award was confirmed. Also to be considered in determining equitable rights are the mechanical problems attendant to municipal implementation of salary increases. See 713 Co. v. Jersey City, supra, 94 N.J. Super. at 219. Allowances should, in a proper case, be made for such a necessary period.
The judgment entered below awarding interest on the arbitrator's award is reversed and vacated.
NOTES
[1] "Interest" arbitration "involves the submission of a dispute concerning the terms of a new contract to an arbitrator, who selects those terms and thus in effect writes the parties' collective agreement.... It is to be distinguished from `grievance' arbitration, which is a method of resolving differences concerning the interpretation, application, or violation of an already existing contract...." N.J. State P.B.A., Local 29 v. Town of Irvington, 80 N.J. 271, 284 (1979).
[2] N.J.S.A. 34:13A-14 et seq., the sections of the act which deal with compulsory interest arbitration for municipalities and their police and fire departments, do not set a time limit within which action to confirm or vacate an arbitration award shall be brought. N.J.S.A. 34:13A-16f(5) does, however, provide that proceedings to vacate, modify or correct such an award may be brought pursuant to N.J.S.A. 2A:24-7 et seq. This latter statute provides that such proceedings may be brought "within 3 months after the award is delivered" to a party. Under N.J.S.A. 34:13A-14 et seq., there is no need for any party to seek confirmation of the award where neither party disputes it. N.J.S.A. 34:13A-16f(5) in such case provides that the award is "final and binding upon the parties and shall be irreversible."
[3] N.J.S.A. 34:13A-16f(5), as noted in footnote two, provides that the decision of the arbitrator shall be final and binding upon the parties and "shall be irreversible except where there is submitted to court extrinsic evidence upon which the court may vacate, modify or correct such award pursuant to N.J.S. 2A:24-7 et seq. (N.J.S.A. 2A:24-8 provides four reasons for vacation of an award) or for failure to apply the factors specified in subsection g. below." Subsection g. lists eight factors to be considered by the arbitrator insofar as he judges them relevant. Plaintiff's complaint was not based upon any of the grounds for vacation listed in N.J.S.A. 2A:24-8. Plaintiff, in scattergun fashion, asserted that the award was illegal and in violation of all the principles contained in ".... N.J.S.A. 34:13A-16(g)(1) through (8)." Plaintiff further asserted that the arbitrator refused to consider the arguments and positions of plaintiff on their own merit, rejected them because the gains sought by plaintiff were not available to other city employees, and that the effect was to compel plaintiff to bargain only in conjunction with all other city employees. Plaintiff not only sought to vacate the arbitrator's award and the appointment of a new arbitrator but sought an order directing defendant city "notwithstanding the granting of relief hereunder, to implement the terms of said Award by paying to plaintiffs' [sic] the moneys due to them." Defendant's answer to the complaint admitted that it had not implemented the award and that plaintiff "cannot demand that the City implement an Arbitration Award which [plaintiff] alleges to be null and void and seeks to vacate in the instant proceeding." Defendant by counterclaim sought confirmation of the award. Plaintiff did not appeal from the trial court's confirmation of the arbitrator's award.