ROXSE HOMES, INC.,
Plaintiff-Appellee,

v.

COMMERCE AND INDUSTRY INSUR-
ANCE CO., Defendant-Appellant.

No. 77–1259.

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1977.

Decided Feb. 3, 1978.

Joel F. Pierce, Boston, Mass., with whom Alan G. Miller and Morrison, Mahoney & Miller, Boston, Mass., were on brief, for defendant, appellant.

Phyllis Baumann, Boston, Mass., with whom Henry F. Owens, III, and Owens & Associates, Boston, Mass., were on brief, for plaintiff, appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This case of first impression involves a question of insurance coverage in the light of a Massachusetts statute.

The basic facts are not in dispute. Plaintiff-appellee purchased an "all risks" coverage insurance policy from defendant-appellant which became effective March 6, 1974. The policy provided coverage for a newly constructed apartment complex consisting of thirteen buildings. Certain of the buildings settled causing several apartments to become uninhabitable. Plaintiff made a claim in February of 1975 for losses arising from damage to the apartments. Defendant refused to pay the claim on the grounds that most, if not all, of the settling occurred prior to the effective date of the policy.

Defendant did not inspect the premises at any time prior to the issuance of the policy. In fact, no inspection was made until after plaintiff's claim. Defendant cancelled the policy on April 7, 1975, on the basis that physical changes had occurred resulting in the property's becoming uninsurable. After cancellation, plaintiff obtained other insurance on the complex at a much higher premium than it had paid for defendant's policy and then brought this action against defendant to recover the difference in cost between the two policies. Prior to purchasing defendant's coverage, plaintiff had been insured by the Hartford Insurance Company at a higher premium than that charged by defendant.

Plaintiff contends that the cancellation was invalid under Mass.Gen.Laws, ch. 175, § 99. Defendant claims that the same statute permitted cancellation. The pertinent statutory provision provides:

After this policy has been in effect for sixty days, no notice of cancellation shall be effective unless it is based on the occurrence, after the effective date of the policy, of one or more of the following: (1) nonpayment of premium; (2) conviction of a crime arising out of acts increasing the hazard insured against; (3) discovery of fraud or material misrepresentation by the insured in obtaining the policy; (4) discovery of willful or reckless acts or omissions by the insured increasing the hazard insured against; (5) *physical changes in the property insured which result in the property becoming uninsurable;* or (6) a determination by the commissioner that continuation of the policy would violate or place the insurer in violation of the law. [Emphasis ours.]

On the second day of trial, the district judge informed counsel that, based on the evidence to date, he intended to instruct the jury that, if they should find that the settling commenced before the effective date of the policy, they were to return a verdict for the plaintiff. The parties thereupon agreed to a directed verdict for the plaintiff with the defendant's saving its appeal right. In directing the verdict, the district court made the following ruling:

The Court: Well, ladies and gentlemen, the case has reached a point where I believe a legal issue is determinative of the outcome. The parties have stipulated and, indeed the evidence to this point supports the conclusion that the settling of the buildings of the Roxse Homes Complex had started prior to the effective date of the defendant's policy.

The settling probably progressed and became worse during the period that followed, including the period between the inception of the policy and its purported cancellation in February of 1975, and by that time it had gotten so bad that tenants had, in fact, vacated some of the apartments.

The statute that we're dealing with, Massachusetts General Laws, Chapter 175, Section 99, which specifies certain provisions that have to be in a policy of the sort that we are considering here, and the critical language is as follows: After this policy has been in effect for 60 days, no notice of cancellation shall be effected unless it is based on the occurence [*sic*] after the effective date of the policy of one or more of the following: And then there is a list of various things that can happen, and No. 5 in that list is, "Physical changes in the property insured will result in the property becoming uninsurable."

Now, I have ruled that on the facts, or I am now ruling that on the facts testified to, in which the parties stipulate to be so, the settling of the building was an occurrence which was prior to the effective date of the policy resulting in the conditions that were subsequently described, but that event occurred prior to the effective date of the policy.

It is defendant's position that it had a statutory right to cancel because any settling that occurred after the effective date of the policy was a physical change in the property insured which resulted in its becoming uninsurable. Defendant does not contest the district court's finding that the settling started prior to the policy date, but

argues that the district judge erred in not ruling that the property had been uninsurable before the policy's effective date. Plaintiff contends that the continued settling and the resultant damage were a predictable risk stemming from the original settling and that, since defendant did not inspect the property prior to issuing the policy or during the sixty-day statutory period, the statute prohibits cancellation.[1]

The clear effect of the 1973 amendment is to restrict the power of insurers to cancel an insurance policy after it has been in effect for sixty days.[2] The legislation may be viewed as one of statutory equity. It was a legislative judgment that after sixty days an insured has a right to rely on the continued existence of the insurance unless one of the six specified events occurs.

The interpretation of the cancellation provision for physical changes resulting in uninsurability could pose a difficult problem in the context of the type of defect encountered in this case. The very nature of "settling" involves gradual and continuous change. If a court were to hold that a policy could never be cancelled simply because of further settling, insurers would hesitate to cover against it. But if settling were to increase significantly so as to justify cancellation, how can workable rules be devised to determine the threshold? In this case we have no findings as to whether or not the damage was reasonably foreseeable, or the inevitable result of settling that had started prior to the policy period.

But whatever may be the problem in drawing finer lines, it seems clear that an insurer should not be allowed to cancel under the physical changes clause for physical changes that could readily have been predicted from the obvious condition of the property at the time the insurance attached. While normally the question of predictability would be one of fact, here the insurer itself avoided payment of the damages claim on the ground that loss occurred before the policy date even though it did not inspect the property before issuing the policy. The appellant is therefore in no position to dispute that any additional settling occurring after the policy took effect "was a fairly predictable consequence of a preexisting condition", as the district court observed. Such predictable consequences of an obvious physical condition should not be deemed a physical change within the meaning of Mass.Gen.Laws ch. 175, § 99. Further than this we need not go.

*Affirmed.*

---

1. It is necessary to emphasize that plaintiff is not seeking to have defendant pay the claim for damages to the apartments. It concedes that this probably occurred prior to the effective date of the policy. The damages sought are for the difference between the cost of defendant's insurance and what plaintiff has had to pay for other insurance.

2. No legislative history of this statute has been uncovered.