Lauriat, J.
The plaintiff, Howard Leeder, d/b/a Leeder Management Company (“Leeder"), brought this action against the defendant, Insurance Company of Greater New York (“GNY”), arising out of GNY’s cancellation of its insurance policies on certain properties owned and operated by Leeder. Specifically, Leeder asserts claims against GNY for declaratory judgment (Count I), a violation of G.L.c. 93A (Count II), and breach of contract/breach of the implied covenant of good faith and fair dealing (Count III).
GNY has now moved for partial summary judgment on Count I, seeking a declaration that as a matter of law, the provisions of G.L.c. 175, §99 apply only to the cancellation of the so-called “commercial property” coverage issued by GNY to Leeder. In other words, GNY seeks partial summary judgment in its favor on all claims in the case arising out of the cancellation of coverages other than the “commercial property” coverage part of the applicable GNY policy. Alternatively, GNY moves for partial summary judgment on Leeder’s claim that he is entitled to damages for insurance premiums he would have paid for lead paint liability coverage had Leeder chosen to procure such coverage to replace coverage canceled by the GNY.
For the following reasons, GNY’s motion for partial summary judgment is denied in part and allowed in part.
BACKGROUND
The following facts are taken from the summary judgment record. Leeder is engaged in the management of commercial and residential properties in the Greater Boston area. In 1993, Leeder sought bids from several insurance companies because his insurance provider’s premiums had become too costly. Leeder, through his insurance agent, Marvin S. Kaplan Insurance Agency, solicited a bid from the GNY Boston office. As a result of negotiations among the parties, Leeder ultimately agreed to purchase various property and liability insurance coverages from GNY for the following properties: 118-130 Bowdoin Street, Boston, Massachusetts; 314-320 Harvard Street, Boston, Massachusetts; 1 Craigle Street, Cambridge, Massachusetts; 24-28 Concord Avenue, Cambridge, Massachusetts; 32-36 Market Street, Lynn, Massachusetts; 38-40 Market Street, Lynn, Massachusetts; 42-48 Market Street, Lynn, Massachusetts; 2-18 Perkins Square, Jamaica Plain, Massachusetts; 1400 Beacon Street, Brookline, Massachusetts; and 5 Parkwood Terrace, Jamaica Plain, Massachusetts (collectively “the Properties”).
GNY sold Leeder an “all risks” primary policy, “Protection Guard” policy number, 612M065935 (“All Risk Policy”), with various coverages, including first-party coverage for property damage and third-party coverage for liability and also a “Business Auto Policy” under the same number. GNY also sold Leeder a “Commercial Umbrella Liability Policy,” number 8020U60098 (“Umbrella Policy”). Both policies had one-year terms, from September 1, 1993 to September 1, 1994. The All Risk Policy included the following coverage parts: (1) commercial property; (2) commercial general liability; (3) commercial inland marine; (4) commercial automobile; and (5) boiler and machinery. The Umbrella Policy included coverage for general liability, but it excluded coverage for damage to the Properties.
David Merritt (“Merritt”) of GNY, conducted an inspection of the Properties in September of 1993, and deemed the Properties to be insurable. In March of 1994, Merritt conducted a second inspection of the Properties, and determined that two of the Properties were uninsurable as a result of changed structural conditions.[1] Accordingly, on May 3, 1994, GNY sent notice of cancellation of Leeder’s insurance coverage, namely, the All Risk Policy and the Umbrella Policy. As a result of the cancellation, Leeder obtained replacement insurance.[2] The replacement insurance, *442 unlike the insurance obtained from GNY, did not provide coverage for injury caused by lead paint.
DISCUSSION
Summary judgment will only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), citing Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982), cert. denied sub nom. Bailey v. Bellotti, 459 U.S. 970 (1982). A defendant moving for summary judgment must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of its case or by showing that the plaintiff has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the nonmoving party must respond and alleges specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
I.
This motion turns on the interpretation of G.L.c. 175, §99. General Laws c. 175, §99, provides, in pertinent part:
No company shall issue policies or contracts which, under the authority of clause First of section forty-seven, insure against loss or damage by fire or by fire and lightning to property or interests in the Commonwealth, other than those of the standard forms herein set forth, exceptas provided in section twenty-two A and in section one hundred and two A, and except as follows: . . . Eleventh, this section shall not apply to policies issued under the provisions of section forty-seven, paragraphs numbered second and third, nor to policies applying only to the liability of the insured.
(Emphasis added.)
The statute prohibits insurance companies from canceling fire insurance policies after they have been in effect for sixty days unless certain statutory conditions are met. Leeder claims that GNY’s cancellation of the insurance policies was ineffective under both the insurance policies[3] themselves and G.L.c. 175, §99. GNY contends that G.L.c. 175, §99 only applies to the individual parts of the policies that provide fire coverage for the commercial property.
The U.S. Court of Appeals for the First Circuit, in Roxes Homes, Inc. v. Commerce and Industry Insurance Co., 570 F.2d 26, 27-28 (1st Cir. 1978), found that the provisions of G.L.c. 175, §99 applied to an “all risks” insurance policy that also included coverage for property damage caused by fire. General Laws c. 175, §99, does not only apply to the individual parts of an insurance policy designated as fire coverage. Rather, Clause Eleventh of the statute expressly states that the requirement of the statute will not apply to policies that only cover the liability of the insured. In the present case, the All Risks Policy provided coverage for various types of damage, among which is coverage for property damage caused by fire. Accordingly, G.L.c. 175, §99 applies to the All Risks Policy.
The Umbrella Policy, however, only provided coverage for liability arising from injury caused to first and third parties while on the Properties. The Umbrella Policy specifically excluded coverage to real property. This policy was sold as a separate policy with its own policy number. The court concludes that because the Umbrella Policy only applies to the liability of the insured, under Clause Eleventh, G.L.c. 175, §99 does not apply to this insurance policy.
II.
Leeder raises three additional arguments in opposition to GNY’s motion for partial summary judgment seeking a declaration that G.L.c. 175, §99 is inapplicable. All three arguments fail.
First, in its opposition to GNY’s motion, Leeder maintains that there are genuine issues of material fact concerning the reasons for GNY’s cancellation of the insurance policies. This dispute is not material because the issue is whether G.L.c. 175, §99 applies to the insurance policies. Because the statute does not apply to the Umbrella Policy, GNY need not give the statutory reasons for cancellation. This Court notes that disputes as to the reasons for cancellation would be material as to Leeder’s claims under Count II and Count III, however, GNY’s motion concerns Count I alone.
Second, Leeder asserts that GNY is estopped by its prior admissions from arguing that G.L.c. 175, §99 does not apply to the policies sold to Leeder because GNY agreed in its pleadings that the statute applied to all the insurance policies. In any civil action, although the pleading shall not be evidence at trial, “the allegations therein shall bind the party making them.” G.L.c. 231, §87. However, admissions of law do not bind the party making them. See Wasserman v. Tonelli, 343 Mass. 253, 257 (1961). Whether G.L.c. 175, §99 governs the insurance policies is a question of law. Thus, GNY’s admission as to this issue is of no consequence. GNY cannot declare what the law is or is not.
Finally, Leeder argues that GNY is bound by the implied covenant of good faith and fair dealing. GNY, however, is seeking a declaration that the insurance policies are not governed by G.L.c. 175, §99. Whether there has been a breach of the implied covenant of *443 good faith and fair dealing is irrelevant to the court’s declaration on Count I.
III.
Leeder asserts claims for damages resulting from its inability to obtain lead paint liability insurance following GNY’s cancellation of the insurance policies. GNY contends that if this Court determines that G.L.c. 175, §99 governs all or parts of the insurance policies issued to Leeder, GNY is entitled to summary judgment for damages arising out of Leeder’s inability to obtain lead paint liability insurance after GNY’s cancellation of the insurance policies. The summary judgment record contains material facts which are in dispute. Specifically, Leeder asserts that it remains liable for injuries resulting from lead paint ingestion. Accordingly, summary judgment must be denied.
ORDER
For the following reasons, GNY’s motion for partial summary judgment with respect to the applicability of G.L.c. 175, §99 is DENIED in part and ALLOWED in part. This Court hereby ORDERS, ADJUDGES and DECLARES that G.L.c 175, §99 governs the “Protection Guard” policy number 612M065935 but does not govern the “Commercial Umbrella Liability Policy,” number 8020U60098. GNY’s motion for partial summary judgment with respect to the lead paint liability coverage is DENIED.

here is a dispute of material fact as to whether Merritt’s reasons for cancellation were the actual reasons for the cancellation. This dispute, however, is not material to this decision.

The parties dispute whether the replacement coverage was comparable with the insurance obtained from GNY.

The insurance policies cite G.L.c. 175, §99.